**AMERICAN FIDELITY & CASUALTY COMPANY, Inc., Plaintiff**

v.

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA**
and
**John W. Brummett**
and
**Farm Bureau Cooperative Association, Inc., Defendants.**

No. 2419.

United States District Court
S. D. Ohio, W. D.
June 2, 1961.

F. Thomas Green, Pickrel, Schaeffer & Ebeling, Dayton, Ohio, for plaintiff American Fidelity & Casualty Co.

John O. Henry, Estabrook, Finn & McKee, Dayton, Ohio, for defendant Indemnity Ins. Co. of North America.

Cowden, Pfarrer & Crew & Becker, Dayton, Ohio, for defendant John Brummett.

Estabrook, Finn & McKee, Dayton, Ohio, for defendant Farm Bureau Cooperative Ass'n, Inc.

Scott M. Knisley and Jack R. Alton, Columbus, Ohio, for defendant Carl Candler.

WEINMAN, District Judge.

In this proceeding, the plaintiff, American Fidelity & Casualty Company, Inc., seeks a declaration of its rights and obligations with respect to a retrospective national standard automobile liability policy issued to Stillpass Transit Company. The issues were joined and the matter was submitted to the Court upon stipulations of fact, depositions, oral arguments and briefs of counsel. The issues before the Court are as follows:

1. Does the insurance policy issued by plaintiff, American Fidelity & Casualty Company, Inc., to Stillpass Transit Company extend coverage to Farm Bureau Cooperative Association, Inc., for injuries to Carl Candler, an employee of Stillpass Transit Company, where liability is predicated upon the negligence of Farm Bureau Cooperative Association, Inc., during the unloading of a tank-trailer, when the policy excludes coverage "to any employee of the insured while engaged in the employment * * * of the insured * * * if benefits therefor are either payable or required to be provided under any workmen's compensation law."?

2. If the Court finds that the policy issued by plaintiff, American Fidelity & Casualty Company, Inc., to Stillpass Transit Company does extend coverage to Farm Bureau Cooperative Association, Inc., under these circumstances, did Farm Bureau Cooperative Association, Inc., forfeit coverage by failure to give plaintiff timely notice of the accident?

### Findings of Fact

1. On January 29, 1959, Carl Candler was employed by Stillpass Transit Company, an Ohio corporation, and acting within the course and scope of such employment, he drove a tractor-tank-trailer, owned by Stillpass Transit Company, from Stillpass Transit Company in Cincinnati, Ohio, to American Cyanamide, in Hamilton, Ohio.

2. At Hamilton, Ohio, the tank-trailer was loaded with sulphuric acid and, after loading, Carl Candler, continuing in the course and scope of his employment by Stillpass Transit Company, drove the tractor-tank-trailer to the premises of Farm Bureau Cooperative Association, Inc., at 716 North Irwin Street, Dayton, Ohio, for the purpose of delivering the sulphuric acid to Farm Bureau Cooperative Association, Inc.

3. Upon Candler's arrival at the premises of Farm Bureau Cooperative Association, Inc., with said tank-trailer, John Brummett, who was regularly employed by Farm Bureau Cooperative Association, Inc., proceeded within the scope of such employment to unload the sulphuric acid from said tank-trailer by application of compressed air to the tank-trailer and after said process of unloading had been commenced, a hissing noise was heard by Candler and Brummett. Candler climbed to the top of the tank-trailer to investigate such hissing noise.

4. That after climbing up on the tank-trailer and while in the immediate vicinity of the loading hatch, the hatch-door opened allowing sulphuric acid to be thrown upon Candler which resulted in Candler's injury, subject of the suit against Farm Bureau Cooperative Association, Inc., as referred to herein.

5. On January 29, 1959, Stillpass Transit Company was insured under a retrospective National Standard Automobile Liability Insurance Policy of American Fidelity and Casualty Company, Inc. A true copy of said policy, with the policy limits and inapplicable indorsements deleted, has been submitted in evidence and is marked Exhibit A. The provisions of said policy had been adopted and approved by the Department of Insurance of the State of Ohio and Public Utilities Commission of Ohio for such contract carrier as Stillpass Transit Company. The parties defendant did not see, and, to that extent, did not have actual knowledge of the terms of the original or a copy of this policy prior to January 26, 1960.

6. On January 29, 1959, Farm Bureau Cooperative Association, Inc., was covered by a blanket liability insurance policy of the Indemnity Insurance Company of North America. Said policy, with the policy limits and the inapplicable indorsements deleted, has been submitted in evidence and is marked Exhibit B.

7. Carl Candler filed a petition in the Common Pleas Court of Montgomery County, Ohio, on July 24, 1959, based upon the incident and injury occurring January 29, 1959, and named as sole defendant therein Farm Bureau Cooperative Association, Inc., and service of summons thereon was effected on July 27, 1959. A copy of the second amended petition of Carl Candler has been submitted in evidence and is marked Exhibit N, which second amended petition was filed on January 30, 1961.

8. That for such injuries as Carl Candler received resulting from the incident of January 29, 1959, he was covered by and received the benefits of the statutes of the State of Ohio relating to workmen's compensation, such claim having been handled by and under such statutes of the State of Ohio considering Carl Candler as an employee of Stillpass Transit Company.

9. The pertinent provisions of the policy issued by American Fidelity Casualty Company, Inc., are as follows:

"Item 5 * * * (c) use of the automobile for the purposes stated includes the loading and unloading thereof.

"Insuring Agreements

"I. Coverage A—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

"III. Definition of Insured. With respect to the insurance for bodily

injury liability and for property damage liability the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission * * * "

### Exclusions

"This policy does not apply:

"(d) under * * * [bodily injury liability coverage], to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, * * * of the insured * * * if benefits therefor are either payable or required to be provided under any workmen's compensation law;

"(e) under * * * [bodily injury liability coverage], to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law; * * * "

### Conclusions of Law

1. This Court has jurisdiction of the parties in this cause.

2. This Court has jurisdiction of the subject matter of this cause. Title 28 U.S.C.A. §§ 1332 and 2201.

■ 3. Since federal jurisdiction in this case is founded on diversity of citizenship, this Court must follow the law of Ohio in deciding this case, Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed 1188.

■ 4. There can be no doubt that the highest state court is the final authority on state law. Erie Railroad Co. v. Tompkins, supra, and where there is no decision of the highest state court, federal courts are bound by decisions of the state's intermediate appellate courts unless there is persuasive evidence that the highest state court would rule otherwise. King v. Order of United Commercial Travelers of America, 1948, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608; Six

Companies of California v. Joint Highway District No. 13, 1940, 311 U.S. 180, 61 S.Ct. 186, 85 L.Ed. 114; West v. American Telephone and Telegraph Co., 1940, 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139; Stoner v. New York Life Insurance Co., 1940, 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284. The Supreme Court of the United States has also held that a federal court is bound by the decisions of a court of original jurisdiction where that court has state-wide jurisdiction and its standing on the equity side is comparable to that of an intermediate appellate court on the law side. Fidelity Union Trust Co. v. Field, 1940, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109. However, a federal court is not bound to follow state trial court decisions where those decisions are binding only upon the parties who are before the court in that particular case and would not constitute a precedent in any other case in that court or in any other court in the state. King v. Order of United Commercial Travelers of America, supra.

■ 5. There are no decisions of the Ohio Supreme Court or of an Ohio Appellate Court on the question of law in this case and since the Courts of Common Pleas of Ohio do not have state wide jurisdiction and are similar to the state trial courts involved in King v. Order of United Commercial Travelers of America, supra, this Court is not bound by the decisions of the Common Pleas Courts of Ohio and may proceed to determine what the Supreme Court of Ohio would probably rule in a similar case. Of course, though not bound by the Common Pleas Courts of Ohio, this Court will attribute some weight to their decisions.

6. The Court has carefully considered the cases of Travelers Insurance Co. v. Buckeye Union Casualty Co., Ohio Com. Pl., Franklin County 1959, 160 N.E.2d 874 and Employers' Liability Assurance Corp. v. Liberty Mutual Insurance Co., Ohio Com.Pl., Columbiana County, 167 N.E.2d 142. The first of these cases appears to be in conflict with two Sixth Circuit cases, cited infra at Number 8, on the question of whether there is any

**652**

ambiguity in the language of the exclusion clause; therefore, that case will not be followed by this Court. As to the second case, the terms and the provisions of the liability insurance policy are not before this Court and therefore the copy of that Court's journal entry submitted by counsel is not instructive.

7. Under Ohio law: "Where exceptions, qualifications or exemptions are introduced into an insurance contract, a general presumption arises to the effect that that which is not clearly excluded from the operation of such contract is included in the operation thereof." The Home Indemnity Co. v. Village of Plymouth, 1945, 146 Ohio St. 96, 64 N.E.2d 248, paragraph two of the syllabus. However, it is well settled that "If the words and terms of the contract are plain and clear, there is neither room nor right for any court to attempt construction." First National Bank of Van Wert v. Houtzer, 1917, 96 Ohio St. 404, 406 and 407, 117 N.E. 383, 384.

8. In Travelers Insurance Company v. Ohio Farmers Indemnity Company, 6 Cir., 1958, 262 F.2d 132, the Sixth Circuit had before it a case strikingly similar to the instant one. The exclusion clause in that case was almost identical to the one in this action. The Court stated at page 133: "There is no ambiguity in the exclusion clause of defendant's policy and no inconsistency is shown between this and other clauses of the instrument. It does not require construction. All that is required is enforcement according to the terms clearly expressed in the instrument."

See also Kelly v. State Automobile Insurance Association, 6 Cir., 1961, 288 F. 2d 734, a very recent decision by the Sixth Circuit to the same effect. Compare the case of Travelers Insurance Company v. Peerless Insurance Company, 9 Cir., 1961, 287 F.2d 742. Note that in the latter case the contention that the exclusion clause operated to eliminate any coverage was abandoned upon appeal.

9. The per curiam opinion in the case of Travelers Insurance Company v. Ohio Farmers Indemnity Company, supra, quotes Judge Parker, who, in a similar case, stated: "There can be no question that the purpose was to apply the exclusion to employees of an additional insured as well as to those of the named assured * * *." Lumber Mutual Casualty Insurance Company of New York v. Stukes, 4 Cir., 1947, 164 F.2d 571, 573.

10. This Court has carefully examined the plaintiff's policy and concludes that there is no ambiguity in the exclusion clause of said policy and no inconsistency is shown between this and other clauses of the instrument. The exclusion of Candler from coverage under the American Fidelity Casualty Company, Inc., policy is clear.

11. Therefore, for the reason that this Court believes that the Ohio Supreme Court would agree with the Sixth Circuit and conclude that there is no ambiguity in the exclusion clause, and would therefore require the enforcement of the contract according to the terms clearly expressed in the instrument, it is hereby ordered, adjudged and decreed that plaintiff, American Fidelity and Casualty Company, Inc., be absolved of any liability or insurance coverage as to John W. Brummett and/or Farm Bureau Cooperative Association, Inc., and/or Indemnity Insurance Company of America.

In view of the Court's conclusion that there is no coverage under the policy to defendant, the question as to the timeliness of notice to plaintiff becomes moot.