HANOVER INSURANCE COMPANY, MASSACHUSETTS BONDING DE-PARTMENT, Appellant,

v.

The TRAVELERS INDEMNITY COM-PANY, Appellee.

No. 17116.

United States Court of Appeals
Eighth Circuit.

June 14, 1963.

James E. McDaniel, St. Louis, Mo., made argument for appellant and Herbert E. Barnard, McDonald, Barnard, Wright & Timm, St. Louis, Mo., were with him on the brief.

John F. Evans, St. Louis, Mo., made argument for appellee and William W. Evans, of Evans & Dixon, St. Louis, Mo., were on the brief with him.

Before VOGEL, BLACKMUN and RIDGE, Circuit Judges.

BLACKMUN, Circuit Judge.

This declaratory judgment action is a controversy between two insurance companies. It concerns the legal significance of omnibus, employee exclusion, and severability of interests clauses in an automobile policy issued by Travelers. The district court granted Travelers' motion for summary judgment and dismissed Hanover's. The latter appeals. Judge Harper's opinion is now reported at 210 F.Supp. 765.

The facts were stipulated. The parties also have conceded that their respective policies "were Missouri contracts and are to be construed according to the prevailing law in Missouri".

Robert Fach was injured on December 23, 1959, when his hands were caught in a movable conveyor mechanism at the plant of Glazer Products Corporation in St. Louis. Fach at the time was an employee of Freight Express Company. He had driven his employer's truck to the Glazer plant for a load of freight. The mechanism used for loading the truck

was suspended from the ceiling inside the building. It was owned by Glazer and was not an adjunct of Fach's truck. The physical loading of the truck had been completed. Fach sustained the injury as he helped push the mechanism back up into the Glazer plant.

Fach sued Glazer in a Missouri state court. The action was based on negligence. The jury returned a verdict in favor of Fach. Judgment was entered and was paid and satisfied.

At the time of the accident Freight Express was insured by Travelers under a comprehensive automobile liability policy. At the same time Glazer was insured by Hanover's predecessor under a comprehensive general liability policy. The provisions of these two contracts and their interplay have occasioned this litigation. Hanover's predecessor made a demand upon Travelers to defend the Fach lawsuit. Travelers refused to do this or to acknowledge coverage for Glazer under its contract with Freight Express. Hanover's predecessor then defended the suit. It paid the Fach judgment and incurred other expenses the amount and propriety of which are not in issue here. By the present litigation Hanover seeks a determination that Travelers is liable to it for what was paid out as a result of the Fach accident. As has been noted, Hanover was not successful in this quest in the district court.

The provisions in the Travelers policy are standard but crucial. The omnibus clause reads:

"The unqualified word 'insured' includes the named insured and also includes any person while using an owned automobile * * * and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission * * *."

The employee exclusion clause provides:

"This policy does not apply:

" * * * to bodily injury * * * of any employee of the insured arising out of and in the course of * * * employment by the insured * * *."

The severability of interests clause reads:

"The term 'the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."

The policy also provides that "Use of an automobile includes the loading and unloading thereof".

The question for determination is whether, under Missouri law, Travelers, because of these provisions of its contract, owes coverage under that policy to Glazer for the injuries Fach received. In order for coverage to exist and thus for Travelers to be responsible, Glazer must be an "omnibus" or additional insured under the Travelers policy and the employee exclusion clause must not eliminate that coverage.

Travelers does not suggest here that Glazer could not be an insured under the omnibus clause. It bottoms its defense instead upon the employee exclusion clause and takes the position that the policy specifically is made inapplicable to any injury sustained in the course of his employment by an employee of Freight Express and that this exclusory clause applies to Fach here, even though Glazer is an omnibus insured and even though Fach is obviously not an employee of Glazer. In other words, it is Travelers' position that the employee exclusion clause is effective with respect to an omnibus insured if the injured person is the employee of the named insured and the injury arises out of his employment, and that the clause is not restricted in its exclusionary application to an employee of that insured which is seeking protection under the policy. Hanover counters with the proposition that, if there is merit in such an argument apart from the severability of interests clause, the presence of this clause in the Travelers policy clearly assures coverage for Glazer here.

The severability of interests clause was incorporated into standard automo-

bile liability policies in 1955. Both parties recognize that, with respect to policies issued prior to that time without that clause, the courts are in irreconcilable conflict on the question whether, under state law, coverage is afforded an omnibus insured for an injury to an employee of the named insured. The annotation in 50 A.L.R.2d 78, 97–99, and its supplements, reveals this conflict. Many of the cases in the opposing lines of authority are set forth in footnotes 1 and 2 of Judge Weick's opinion in Kelly v. State Automobile Ins. Ass'n, 6 Cir., 1961, 288 F.2d 734, 735–36. Some of these cases hold that the policy language is clear and unambiguous. Others conclude that it is ambiguous and resolve the ambiguity, as usual, against the insurer which issued the policy.

The only Missouri case, of which we are aware, concerning the question of coverage in the pre-1955 situation, where a severability of interests clause is not present, is Simpson v. American Automobile Ins. Co., Mo.App., 1959, 327 S.W. 2d 519. That case, similar in its facts to this one, brought Missouri into line with those courts holding that the employee exclusion clause operates to deny coverage for the omnibus insured where the injury is sustained by the named insured's employee in the course of his employment. Travelers, also a litigant in that case, occupied a position which is the opposite of its posture here. It had outstanding a comprehensive general liability policy for an insured who also qualified as an omnibus insured under an automobile policy issued by another insurer to the injured employee's employer. The St. Louis Court of Appeals recognized the conflict in the decided cases but held that the employee exclusion clause worked to eliminate coverage to any insured under the policy. It said, pp. 526 and 531 of 327 S.W.2d:

"Unequivocal language must be given its plain meaning. * * * If the language is plain and unambiguous there is no occasion for construction, and it must be given effect unless contrary to public policy or positive law. This is so even when considering a restrictive provision in a policy. * * *

"We find no ambiguity in the use of the word 'insured' in the exclusion clause. Its meaning when used in any clause of the policy was clearly defined in the omnibus clause of the policy. We have no right to find ambiguity where none exists merely for the purpose of invoking the rule that where ambiguity exists the construction most favorable to the insured must be adopted."

With the Missouri law settled for us to that extent,[1] Hanover's present position is necessarily that the incorporation of the severability of interests clause in the standard automobile policy now compels the opposite result. As noted above, that clause states simply, "The term 'the insured' is used severally and not collectively * * *."

Hanover suggests that the new clause was inserted "for the purpose of clearing up any doubt as to whether coverage was provided". It cites Risjord and Austin, "Who is 'The Insured' Revisited", 28 Insurance Counsel Journal 100 (1961), in support of this approach. We have read that article and have noted the authors' flat averment, footnote 58, p. 106, that "Simpson was wrong", and their pained acknowledgment of the continuing conflicting state of the decided cases. Simpson, however, remains unreversed in the Missouri reports.

We have no Missouri state court case which passes upon the effect of the presence of the severability of interests clause. The late Judge Weber met the question in a case concerning Ohio law. General Aviation Supply Co. v. Insurance Co. of North America, E.D.Mo., 1960, 181 F.Supp. 380. He concluded that

1. West v. American Tel. & Tel. Co., 1940, 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139; Stoner v. New York Life Ins. Co., 1940, 311 U.S. 464, 61 S.Ct. 336, 85 L. Ed. 284; Johnson v. State Farm Mut. Auto. Ins. Co., 8 Cir., 1958, 252 F.2d 158, 164.

there were no controlling decisions in either Ohio[2] or Missouri, as the state of the forum; cited the case of Standard Oil Co. of Texas v. Transport Ins. Co., Tex.Civ.App., 1959, 324 S.W.2d 331, 334–335, where the court had emphasized the presence of a severability clause and had held that the omnibus insured was entitled to the protection of the policy in a suit brought by an employee of the named insured; distinguished Simpson partly on the ground that it contained no severability clause; and said, 181 F.Supp. p. 384:

"It is this Court's conclusion that where a policy of insurance contains a 'severability of interest clause', such as found here, the exclusion within the policy as to employees of the insured should be limited and confined to the employees of the employer who commits the tort or seeks protection. * * *

"When negligence is committed by other than his employer, the logic for the exclusion [the existence of workmen's compensation coverage] disappears. If the insurer wishes to further exclude its liability, it could clearly so state in its contract and its failure to do so should be strictly construed. Especially is this true when the policy contains a severability clause, for there it can be implied that the insurer is actually recognizing a separate obligation to others, distinct and apart from the obligation it owes to the named insured. * * *" (footnotes omitted).

Judge Weber, therefore, although purportedly construing an Ohio contract, relied on a Texas decision and spoke in terms of general legal significance. His decision was affirmed by this court, Insurance Co. of North America v. General Aviation Supply Co., 8 Cir., 1960, 283 F.2d 590, on an appeal where the only error alleged was directed to an issue other than the one which presently confronts us. It is perhaps to be noted, for what it may be worth, that the instrumentality which produced the injury in that case was the very one insured by the policy, whereas this is not so in the present case.

The Texas Civil Appeals opinion on which Judge Weber relied was reversed by a six to three decision of the Supreme Court of Texas five months after Judge Weber's opinion was filed. Transport Ins. Co. v. Standard Oil Co., 1960, 161 Tex. 93, 337 S.W.2d 284. The court there held that the language of the policy, identical with that here, was unambiguous and that the addition of the severability of interests clause "does not indicate that the drafters of the policy form by the addition of such clause intended that the word 'insured' means *only* the person claiming coverage"; referred to the Simpson case in Missouri; and concluded that the presence of the severability clause did not demand a contrary result. It said, 337 S.W.2d p. 290:

"In the policy involved here there is no ambiguity in the exclusion clauses and no inconsistency is shown between the exclusionary clauses and the 'severability of interests' clause in the policy. The clear and unambiguous terms of the policy leads us to hold that no employee of the named insured engaged in the named insured's business can recover on the named insured's policy against anyone included as an additional insured."

Elsewhere, although the cases are not yet numerous, the courts, in enunciating state law with respect to post-1955 policies which do contain severability clauses, seem to be developing no greater consistency of opinion that they displayed with respect to pre-1955 policies. The Mississippi court, in a decision which was unanimous on this point, followed the Texas precedent and said, indicating that in its view the rights of the omnibus in-

2. But see, now, American Fidelity & Cas. Co. v. Indemnity Ins. Co., S.D.Ohio, 1961, 195 F.Supp. 648, affirmed 6 Cir., 1962, 308 F.2d 697, cert. denied 372 U.S. 942, 83 S.Ct. 935, 9 L.Ed.2d 968.

sured should not be greater than those of the named insured:

> "[I]t seems strange indeed that Polk should claim or that there should be claimed for him, more protection under the policy of Stubbs than Stubbs, the named insured, who paid for the policy, could claim for himself. * * *" Benton v. Canal Ins. Co., 1961, 241 Miss. 493, 130 So.2d 840, 846.

In accord is Humble Oil & Ref. Co. v. American Fidelity & Cas. Co., E.D. Tenn., 1962, 212 F.Supp. 953, applying Virginia and, secondarily, Tennessee law. See General Accident Fire & Life Assur. Corp. v. Brown, 1962, 35 Ill.App.2d 43, 181 N.E.2d 191, 196, as to Illinois law.

The Sixth Circuit has recently been confronted with the issue in a case apparently concerning Kentucky law and a policy with provisions substantially the same as those in the contract before us and with basically indistinguishable other facts. Kelly v. State Automobile Ins. Ass'n, supra, 6 Cir., 1961, 288 F.2d 734. The court noted Judge Weber's decision and the Texas Civil Appeals case; pointed out the latter's reversal; quoted at length from the Texas Supreme Court opinion; and, in flatly rejecting the argument that the omnibus insured "should be treated separately and the exclusion provision treated as if a separate policy had been issued to the person invoking its coverage" and the further argument that the severability clause had been added to eliminate the pre-1955 confusion, said, 288 F.2d p. 738:

> "Certainly Underwood [the named insured], having paid for workmen's compensation insurance for the protection of its employees would not ordinarily take out liability insurance at its own expense to protect itself from any claim its employees might have against it or any third person. In other words, Underwood was paying for the protection of its

liability insurance against claims asserted by the public, and not by its own employees.

> "In our judgment, if it was intended by the severability of interests clause to provide coverage in a case like the present one, the language used was inadequate for that purpose. We can only enforce the policy as it was written."

Hanover would distinguish the Kelly case because its exclusion clause refers to "an Assured", as contrasted with the standard clause's reference to "the insured". There is some force in this distinction between the use of the definite article and that of the indefinite article.[3] Although this disparity in language may make Kelly less valuable authority in support of Travelers' position here, we do not regard the Sixth Circuit opinion as one brought about solely by the "an Assured" phrase. Its reliance on the Texas case, its language which we have quoted above, and its comments about Kelly in its later opinions in American Fidelity & Cas. Co. v. Indemnity Ins. Co., supra, pp. 698 and 700 of 308 F.2d, and in Liquid Transporters, Inc. v. Travelers Ins. Co., 6 Cir., 1962, 308 F.2d 809, 810, convince us to the contrary.

On the other side of this continuing state law conflict is a district court decision in our own circuit. Curran Development Co. v. Security Ins. Co., W.D. Ark., 1961, 194 F.Supp. 727. There Judge Miller was endeavoring to ascertain the Arkansas law. The court noted Judge Weber's decision but made no mention of the then existent Texas Supreme Court opinion. It found no Arkansas authority in point and went on to conclude that there was a "definite policy of Arkansas * * * affording protection to the assured". It said, 194 F.Supp. p. 732:

> "Therefore, the court is of the opinion, when this question is presented to the Arkansas Supreme Court, it will adopt the view ex-

---

3. Judge Harper perhaps mistakenly assumed, p. 767 of 210 F.Supp., that the asserted distinction was the one between "insured" and "assured" and of course held that that would be a distinction without a difference.

pressed in General Aviation Supply Co. v. Insurance Company of North America, supra, and will conclude that where a policy of insurance contains a severability of interest clause, the inclusion within the policy as to employees of the insured should be limited and confined to the employees of the employer who commits the tort or seeks protection."

This holding in effect was repeated by the court in a second opinion covering a subsequent phase of the same controversy. Curran v. Security Ins. Co., W.D.Ark., 1961, 195 F.Supp. 562, 569, appeal dismissed on motion of appellant, 8 Cir., 1961, 296 F.2d 733.

In accord with this approach is Gulf Ins. Co. v. Mack Warehouse Corp., E.D. Pa., 1962, 212 F.Supp. 39, 41–44, applying Pennsylvania law.

There are other recent cases apparently concerning post-1955 policies where the opinions do not disclose whether a severability of interests clause was present and urged to the court. Leonard v. Union Carbide Corp., S.D.Ind., 1960, 180 F. Supp. 549 (Indiana law, exclusion denied); Buhonick v. American Fid. & Cas. Co., W.D.Pa., 1960, 190 F.Supp. 399 (Indiana law, exclusion allowed); Employers Mut. Liability Ins. Co. v. Houston Fire & Cas. Ins. Co., W.D.La., 1961, 194 F.Supp. 828 (Arkansas law, exclusion allowed).

With the authorities in this array and with the Texas Supreme Court opinion then available, the district court in the present case concluded that Judge Weber's decision was not controlling. We agree with Judge Harper in this conclusion. We suspect that Simpson, despite the absence there of the severability clause, affords a valid intimation as to what the Missouri courts will say when the precise question here is eventually presented to them.

In any event, this court does not formulate state law. It seeks only to ascertain it. Yoder v. Nu-Enamel Corp., 8 Cir., 1941, 117 F.2d 488, 489; Village of Brooten v. Cudahy Packing Co., 8 Cir.,

1961, 291 F.2d 284, 288. Here, as in many other diversity cases, we cannot say that Judge Harper did not reach a permissible conclusion, particularly in the light of the Simpson case, as to the Missouri law. Certainly no Missouri case demonstrates that his conclusion is based upon a clear misconception or misapplication of the law of that state. Apex Mining Co. v. Chicago Copper & Chem. Co., 8 Cir., 1962, 306 F.2d 725, 729. We therefore do not disturb his decision. Texaco-Cities Service Pipe Line Co. v. Aetna Cas. & Sur. Co., 8 Cir., 1960, 283 F.2d 912, 915; Pittman v. West American Ins. Co., 8 Cir., 1962, 299 F.2d 405, 409. Compare Massachusetts Bonding & Ins. Co. v. Julius Seidel Lumber Co., 8 Cir., 1960, 279 F.2d 861, 869.

This holding makes it unnecessary for us to pass upon the question whether, with the truck loaded, Fach's injuries were incurred in the "use" of the vehicle, within the meaning of Travelers' policy, or upon other issues suggested in the case.

Affirmed.