Marvin STOKES, Plaintiff,

v.

BEATRICE FOODS CO., a Corporation, d/b/a Beatrice Cold Storage, Defendant,

Allstate Insurance Company, Intervenor,

Wayne APPLEHANS, Third-Party Defendant.

Civ. No. 64–12.

United States District Court
W. D. Oklahoma.

Dec. 29, 1966.

Howard K. Berry, Berry & Berry, Oklahoma City, Okl., for plaintiff, Marvin Stokes.

Paul C. Duncan, Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, Okl., for defendant, Beatrice Foods Co.

Duke Duvall, Duvall, Head, McKinney, Travis & Bailey, Oklahoma City, Okl., for intervenor, Allstate Ins. Co.

David J. Morrison, Rinehart, Morrison & Cooper, Oklahoma City, Okl., for third-party defendant, Wayne Applehans.

CHANDLER, Chief Judge.

## MEMORANDUM OPINION

This suit was originally brought on January 31, 1964, by plaintiff, Marvin Stokes, as a simple personal injury tort action against defendant, Beatrice Foods Co., a corporation, d/b/a Beatrice Cold Storage, arising out of an accident which occurred October 25, 1963.

Under date of March 6, 1964, Beatrice made demand on Allstate Insurance Company to assume defense of the action in its behalf and to pay, to the limits of its policy, any damages recovered against it. Allstate was insurer of the Farmers Trucking Association truck which was being loaded by Stokes at the time of the accident and Beatrice took the position that it became an additional insured under the Farmers policy because of the loading and unloading provisions of the policy.

On June 2, 1964, Beatrice filed a third party complaint against Wayne Applehans, its own employee, seeking indemnity for any recovery that plaintiff might obtain, on the theory that plaintiff's claim was based upon the negligence of Applehans and that its alleged liability was based upon respondeat superior.

By letter dated June 4, 1964, Applehans also made demand upon Allstate for protection under Allstate's Automobile Liability Insurance Policy No. 5204580 issued to Farmers Trucking Association, Inc., as named insured, covering the truck being loaded by Stokes. Applehans claimed to be an additional insured under the loading and unloading provisions of the policy.

On January 8, 1965, Allstate intervened in the action, seeking a declaratory judgment adjudicating that it had no coverage of or obligation to Beatrice or Applehans under the policy.

The primary action having been disposed of by agreement of the parties, the matter now comes on for decision upon motions of each of the parties for summary judgment upon the issues involved in Allstate's Petition in Intervention and the pleadings thereto of third party plaintiff Beatrice and third party defendant Applehans.

The parties agree that under the stipulations, depositions and pretrial admissions, the issues raised by Allstate's intervening complaint for declaratory judgment of noncoverage are not factually in dispute.

On October 23, 1963, Stokes, an employee of Farmers Trucking Association, Inc., was directed by the Association to pick up a load of frozen meat at a dock of the defendant Beatrice Foods Company. Operating one of his employer's trucks, Stokes and a fellow employee placed the truck in a loading position at Beatrice's dock.

Applehans, a dock employee of Beatrice, using an automatic forklift, had removed some frozen meat from the Beatrice cold storage warehouse and stacked it on Beatrice's dock to make it available to Stokes. Stokes and his fellow employee began loading the frozen meat which Applehans had stacked on the dock into the truck. On one of Stokes' trips to the dock to pick up a load of the meat to load into the truck, he was struck and injured by the forklift being operated by Applehans who was still engaged in removing the remainder of the frozen meat from the warehouse and stacking it on the dock.

Stokes was covered by the Workmen's Compensation Act of Oklahoma and has received his workmen's compensation benefits.

The first notice of the accident that Allstate received from any source was given by Beatrice under date of March

6, 1964. Applehans later notified Allstate by letter dated June 4, 1964.

Applehans, who was a citizen and resident of Colorado, at the request of Beatrice, his employer, came to Oklahoma City from Denver and reported to the offices of Beatrice's attorneys who sent him to the U. S. Marshal's office where he was served with the third party summons and complaint. He then returned to the law offices of Beatrice's attorneys and signed a letter prepared by said attorneys, directed to Allstate, giving the notice of the accident above referred to and claiming coverage under Allstate's Automobile Liability Policy.

Beatrice and Applehans contend that Applehans was engaged in loading the truck at the time of the accident and that by reason thereof the insuring clauses of the Allstate policy extend the insurance coverage to them.

The policy in question provides:

"COVERGE A—BODILY INJURY LIABILITY.

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefore, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."

"DEFINITION OF INSURED.

" * * * the unqualified word 'insured' includes the named insured and * * * also includes any person or organization legally responsible for the use thereof, * * with * * * permission. * *"

"PURPOSE OF USE DEFINED.

" * * * (c) Use of the automobile * * * includes the loading and the unloading thereof."

"THIS POLICY DOES NOT APPLY:

" * * * (d) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of * * * (2) other employment by the insured;

"(e) under coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;"

"NOTICE OF ACCIDENT—COVERAGES A, B and C.

"When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

Allstate takes the alternative positions that its policy does not cover either Beatrice or its employee, Applehans, contending that:

1. Although its policy does cover the maintenance, operation and use, including loading and unloading, of the truck, Applehans was not participating in the loading of the truck.

2. The policy expressly excludes "bodily injury to or sickness, disease or death of any employees of the insured" arising out of and in the course of their employment and that since the plaintiff, Stokes, was an employee of named insured, coverage is excluded regardless of whether it or some other person claiming protection under the policy is considered to be the insured.

3. The Workmen's Compensation Act of Oklahoma makes the liability of Stokes' employer exclusive and prohibits common law liability; that Allstate's liability can be no greater than that of the employer, its named insured.

4. Applehans breached the cooperation clause of the policy by voluntarily and collusively coming into the jurisdiction of the court in order to subject himself to service of process in the case.

5. Notice was not given of the occurrence of the accident and claim of protection under the policy as soon as practicable as required by the policy.

There is quite a division of authority concerning the interpretation of the "loading and unloading" provisions of liability insurance policies. The decisions disclose two principal conflicting theories of judicial construction. The narrower rule is referred to as the "coming to rest" doctrine. The other, and broader, known as the "complete operation" doctrine, has been adopted recently by the Oklahoma Supreme Court. In Penley v. Gulf Insurance Company, 414 P.2d 305, May 3, 1966, the court held:

"The phrase 'including loading and unloading' is a phrase of extension that expands the expression 'use' of a truck beyond its normal connotation so as to bring some acts in which the truck itself does not play a part within terms of policy covering loading and unloading of truck.

"In construing an insurance contract, its terms and words, if unambiguous, must be accepted in their plain, ordinary and popular sense."

While it is true that the "complete operation" doctrine extends coverage in some instances beyond the actual mechanical operation of the vehicle as a broader concept of the "use" thereof, in defining the "complete operation" doctrine, the Oklahoma Court said "that 'loading and unloading' includes the entire process involved in the movement of the articles from the place where insured's employees find the articles, which are to be moved by truck to the place where the employees of insured turn them over to the party to whom they are to make delivery."

That case, as does the case under consideration, turned on the question of whether there was any causal connection between the actual "use" of the truck and the negligent act causing the damage.

The Court there found a causal connection and based its decision upon the fact that the negligent act of the truck driver was not just incidental to the use of the truck but arose out of the actual "use" of the truck; that there was a direct and proximate *causal* connection between the "use" of the truck, the negligent act of the driver of the truck and the resulting damage; that the negligent act of the driver ("user") of the truck in unbroken sequence proximately caused the damage.

[1] In the instant case there was no direct and proximate causal connection between the negligent act of Applehans and the "use" of the truck. In order to extend the coverage of the truck insurance to Applehans, it would be necessary to create a legal fiction since he was not "using" the truck within the ordinary meaning of the unambiguous terms of the policy.

On the contrary, the acts performed by Applehans related exclusively to his own employment. The insured truck was under the exclusive control of Stokes and his fellow employee. At no time did Applehans have anything to do with the truck, directly or indirectly, or with its "use", or the loading or unloading thereof as these terms are ordinarily understood. He was in no sense engaged in "using" the truck. He was not loading or helping to load it. Nor was he in any manner supervising the loading. Under the agreed facts he had no control whatever over the truck or the loading thereof at any time.

The accident was the direct result of an intervening cause wholly remote from the "use" of the truck. The coverage provided under the loading and unloading clause of the policy could not have been intended to apply to such a situation. Applehans was using his own employer's machinery and was on his own

employer's property. The accident arose out of the "use" of Beatrice's forklift by Applehans and not the "use" of the truck.

The most that can be said is that Stokes was injured by Applehans *while* he (Stokes) was using the truck (loading it). Since Applehans was not "using" the truck when he performed the negligent act which injured Stokes, there was no *causal* connection whatever between the negligent act, the injury and use of the truck.

As a matter of fact, careful reflection upon the agreed facts necessitates the conclusion that the legal aspects of the case are the same as if Applehans, Beatrice's dock worker, had been stacking meat on the dock to make it available for pickup by some other customer.

If the situation were reversed and Stokes, while in the process of loading the truck had injured Applehans with the forklift with which *he*, Stokes, the "user" and "loader" of the truck, was picking up the packages of frozen meat from the dock to load into the truck, it might be said there was some causal connection between the use of the truck and the negligent act and that the "complete operation" doctrine applied.

■ Allstate's second contention also appears to be valid. The plain language of the policy excluding from the coverage injury to "any employee of the *insured* arising out of and in the course of" his employment, must be given its ordinary meaning. The exclusion clause is equally binding on an additional or omnibus insured whose rights are not greater than those of the named insured. Hanover Insurance Company, Massachusetts Bonding Department v. Travelers Indemnity Company, 318 F.2d 306 (CA 8, 1963).

■ Allstate's third contention that the Workmen's Compensation exclusion clause is applicable here is equally valid. Peak Drilling Co. v. Halliburton Oil Well Cementing Co. et al., 215 F.2d 368 (CA 10, 1954).

■ Allstate's fourth contention to the effect that Applehans breached the cooperation clause of the policy by voluntarily submitting himself to the jurisdiction of the Court is not well taken. Applehans was aware that Beatrice was claiming indemnity against him in the event of its liability and was warranted in entering his appearance in the case in order to defend against Stokes' claim for the purpose of protecting himself from ultimate liability.

■ Allstate's fifth claim that notice was not given as required by the policy is well taken. The policy required the notice to be given "as soon as practicable" after the occurrence of an accident. What is a reasonable time within which to give such notice depends upon the facts and circumstances of each particular case. Day v. Hartford Accident & Indemnity Company, 223 F.Supp. 953, N.D.Okla., 1963. Under the facts here the first notice given Allstate was given by Beatrice four and one-half months after the accident. In the absence of circumstances justifying the delay, it cannot be said that the notice was given within a reasonable time.

It is, therefore, the judgment of the Court that the Motions for Summary Judgment of Beatrice Foods Company, a corporation, defendant, and Wayne Applehans, third party defendant, are overruled, the Motion for Summary Judgment of Allstate Insurance Company is sustained, and judgment is hereby entered in favor of said Allstate Insurance Company and against said Beatrice Foods Company, a corporation, and Wayne Applehans, adjudging and decreeing that said Allstate Insurance Company is not obligated to said Beatrice Foods Company, a corporation, or Wayne Applehans in any manner under its Automobile Liability Insurance Policy No. 5204580 issued to Farmers Trucking Association, Inc., as named insured.