Elmer F. WHEELER, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.

Civ. No. 69–518.

United States District Court, W. D. Oklahoma.

April 22, 1970.

Clyde J. Watts, Oklahoma City, Okl., for plaintiff.

Clayton B. Pierce, Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

This case has been submitted to the Court for decision on a Stipulation of Facts and briefs.

Plaintiff was involved in an accident in which Jack W. and Louise C. Barron were injured while Plaintiff was driving the Barrons' car with their permission. Plaintiff has been sued by the Barrons for damages resulting from bodily injuries sustained by them which they allege were caused by Plaintiff's negligent driving of their car. Defendant issued a policy of insurance to the Barrons covering the car driven by Plaintiff which was in force at the time of the accident. In this proceeding, Plaintiff seeks a declaratory judgment that Defendant is required by its policy to assume the defense of the Barrons' action against Plaintiff and to indemnify Plaintiff against any judgment which might be obtained by the Barrons against him.

Under the exclusion clause of the policy [1] no coverage is afforded to the Barrons, who are the named insureds in the policy. Plaintiff argues that the exclusion applies only to persons driving the insured car and that if the named insured is a passenger, coverage for his bodily injuries is not excluded by the clause. There is nothing in the policy to support such an argument. By definition in the policy,[2] both Plaintiff *and* the Barrons are insureds. Coverage for bodily injuries of those persons defined as an insured by the policy

---

1. The clause provides as follows: "This insurance does not apply under: * * * (i) coverage A, to bodily injuries to the insured or any member of the family of the insured residing in the same household as the insured."

2. The definition is as follows: "Insured— under coverages A, B, C, and M, the unqualified word 'insured' includes (1) the named insured, *and* * * * (4) any other person while using the owned automobile, provided the operation and actual use of such automobile are with the permission of the named insured * * * *" (italics added).

is excluded. The parties do not cite, nor does there appear to be, any Oklahoma law on the subject. However, in Newark Insurance Co. v. State Farm Mut. Auto. Ins. Co., 164 Colo. 498, 436 P.2d 353 (1968), the situation of the parties and the policy language was the same as in the instant case. The Colorado court reasoned as follows:

"Insuring Agreement I provides that State Farm will pay all damages which the *insured* shall become legally liable to pay because of bodily injury sustained by *other persons*. Under the definitions section of the policy the unqualified word 'insured' included both Retallack [the named insured] and Crumrine as an additional insured, but, under Insuring Agreement I, neither qualified as 'other persons'. The exclusions of the policy, under Coverage A, clearly and plainly exclude the 'insured,' which in this case meant both Retallack and Crumrine. There is nothing ambiguous about these provisions, and they all add up to one irrefutable proposition—that the named assured cannot resort to the policy to recover for his own personal injuries." 436 P.2d at p. 356.

There is authority in this District for excluding an additional insured from coverage where the policy provides no coverage for any employee of the insured. In Stokes v. Beatrice Foods Co., 264 F.Supp. 384 (W.D.Okl.1966), Plaintiff, an employee of the named insured (Farmers Trucking Association), was injured by an employee of Beatrice Foods. Beatrice Foods demanded coverage from Allstate Insurance Co., insurer of the named insured, on the basis Beatrice Foods was an additional insured under the use or loading provisions of the Allstate policy. The court stated:

"The plain language of the policy excluding from the coverage injury to 'any employee of the *insured* arising out of and in the course of' his employment, must be given its ordinary meaning. The exclusion clause is equally binding on an additional or omnibus insured whose rights are not

greater than those of the named insured." 264 F.Supp. at p. 389.

Also see State Farm Mutual Automobile Insurance Co. v. Xaphes, 384 F.2d 640 (Second Cir. 1967).

The named insureds in the instant case are, by policy definition, insured persons and as such are excluded from coverage for their bodily injuries and the policy does not apply to same. Defendant did not undertake to provide coverage for the named insured, inasmuch as Coverage A extends only to bodily injuries of *other persons*. Inasmuch as Defendant did not contract for this risk and expressly excluded it, one who asserts rights under an insurance policy as an additional insured cannot, by reason of that status alone, obtain rights which were not conferred by the insurance contract. The Court finds no ambiguity in or among the coverage, exclusionary and definition clauses under consideration in this controversy. To give to these clauses the meaning urged by Plaintiff (limiting the exclusion of the insured to the actual driver of the vehicle) would be doing violence to plain, clear and unambiguous language.

Counsel for Defendant will prepare an appropriate judgment in accordance with this Opinion and submit the same to the Court.