RUTH AND E. L. PEARSON v. OLIVER L. JOHNSON.
WESTERN CASUALTY & SURETY COMPANY,
GARNISHEE-APPELLANT.
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, GARNISHEE-RESPONDENT.[1]

June 25, 1943.

No. 33,468.

*Sexton, Mordaunt, Kennedy & Carroll,* for appellant.
*S. Bernhard Wennerberg,* for plaintiffs-respondents.

[1]Reported in 10 N. W. (2d) 357.

*Freeman, King & Geer,* for respondent State Farm Mutual Automobile Insurance Company.

HENRY M. GALLAGHER, CHIEF JUSTICE.

Two actions, one by Ruth Pearson for personal injuries arising out of an automobile accident and the other by her husband, E. L. Pearson, for medical expenses incurred on her behalf, were tried together below. Both resulted in verdicts for plaintiffs, and judgment was entered pursuant thereto in each case. Garnishment proceedings were then instituted by plaintiffs against Western Casualty & Surety Company (hereinafter called Western) and State Farm Mutual Automobile Insurance Company (hereinafter called State Farm Mutual), both of which disclaimed any liability. The garnishees made separate disclosures, and the question of their liability was then submitted to the court upon a stipulation of facts. The trial court found that plaintiff in each case was entitled to judgment against Western and dismissed the proceedings against State Farm Mutual. Western moved to amend the findings, conclusions, and order for judgment in the garnishment proceedings, and its motion was in each case granted as to one matter not here important and in all other things denied. It appeals from the orders denying the motions.

Plaintiff Ruth Pearson was injured October 2, 1941, when the Chevrolet automobile in which she was riding as a passenger ran off the highway. The auto belonged to her husband, plaintiff E. L. Pearson. At the time of the accident it was being driven by defendant, Oliver L. Johnson, with the permission and consent of Pearson. For purposes of this appeal, defendant's negligence is admitted. Pearson carried liability insurance on the Chevrolet with State Farm Mutual, and Johnson carried a similar policy with Western on a Pontiac owned by him, but not here involved. Both policies were in full force and effect at the time of the accident.

Western asserts that the liability of State Farm Mutual is primary and that its liability is secondary thereto. Attention is called to the provisions of each policy. Applicable portions of the

policy issued by State Farm Mutual to E. L. Pearson on his Chevrolet are as follows:

"State Farm Mutual * * * does hereby agree with the Insured named in the Declarations * * *

"INSURING AGREEMENTS

"I.   Coverage A—Bodily Injury Liability.   To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile.

\* \* \* \* \*

"III.   Definition of 'Insured.'

"The *unqualified word 'insured'* wherever used in coverages A and B and in other parts of this policy, when applicable to such coverages, *includes not only the named insured* but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided the declared and actual use of the automobile is 'pleasure and business' or 'commercial', each as defined herein, and provided further the actual use is with the permission of the named insured.

"The provisions of this paragraph do not apply:

"(a)   To any person or organization with respect to bodily injury to or death of any person who is named insured;

\* \* \* \* \*

"EXCLUSIONS

"This policy does not apply:

\* \* \* \* \*

"(e)   Under Coverage A, to bodily injury to or death of any employee of the insured while engaged in the business, other than domestic employment of the insured, or while engaged in the operation, maintenance or repair of the automobile; or to any obligation for which the insured may be held liable under any workmen's com-

pensation law, or *to the insured or any member of the family of the insured residing in the same household as the insured."* (Italics supplied.)

Western's policy covered driver Johnson for negligence in driving his Pontiac (which is not here involved) and also "any other private passenger automobile" under certain restrictions set forth in the policy. It provided that such insurance should be "excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to the automobile or otherwise, against a loss covered under said paragraph."

Western premises its argument that it is but secondarily liable upon the contention that Johnson was an "additional" insured under the terms of Pearson's policy with State Farm Mutual and that the provisions in subsection (e) thereof excluding from coverage "the insured or any member of the family of the insured" refer to Johnson and that therefore Ruth Pearson's action against John-son is not excluded, she not being a member of his (Johnson's) family or household. Certainly the language used in the policy cannot be given such a strained and limited meaning. The word "insured" is defined by the policy itself to include for the purposes named at all times the named insured, Pearson. That the policy gives it broader application so as to include persons driving with the named insured's consent cannot be said to wipe out the exemptions expressly incorporated into the policy to prevent the insured, that is, the named insured and his family from recovering for their own injuries. The policy is essentially a liability and not an accident policy. It is a contract between Pearson and the State Farm Mutual Automobile Insurance Company, by the terms of which the latter agrees to protect the former against liability incurred at the suit of anyone outside his own family or household. Mrs. Pearson is a member of the named insured's household and family and as such is expressly excluded from coverage. The policy provisions creating additional assureds cannot change the essential contract

between Pearson and his insurance company. Certainly they cannot be read so as to nullify the express exclusions of the policy.

The trial court cited Bernard v. Wisconsin Auto. Ins. Co. 210 Wis. 133, 245 N. W. 200, and Madison v. Steller, 226 Wis. 86, 275 N. W. 703. In each of these cases an argument similar to that here urged was made on behalf of an expressly excluded employe of the named assured on the ground that the vehicle at the time of the accident was not being driven by the "named assured" but by an "additional" or "omnibus" assured. The Wisconsin court did not in either case hesitate to say that provisions creating "additional" interests did not in any way change or extend the company's responsibility to take care of its named assured's liability for negligent operation of the vehicle in derogation of the policy's express exclusions. The reasoning of these cases is sound, and we concur in the principles therein enunciated insofar as applicable to the case at bar. See also Continental Cas. Co. v. Pierce, 170 Miss. 67, 154 So. 279; Birrenkott v. McManamay, 65 S. D. 581, 276 N. W. 725; Johnson v. Aetna C. & S. Co. (5 Cir.) 104 F. (2d) 22.

Inasmuch as State Farm Mutual has no liability to Mrs. Pearson, it follows that Western's liability cannot be secondary thereto.

Affirmed.