· Mrs. Imogene Kirk

v. ·

State Farm Mutual Automobile Insurance Company

(*Nashville*, December Term, 1955)

Opinion filed April 5, 1956.

Shelton & Shelton, Columbia, for appellant.

Beverly Douglas, Jr., Nashville, and MacFarland & Colley, Columbia, for appellee.

38

Mr. Justice Prewitt delivered the opinion of the Court.

In June, 1955, complainant Mrs. Kirk, filed a bill in the Chancery Court of Maury County, seeking to recover of the defendant insurance company the sum of $5,000. The bill charged that the company had issued a policy of automobile insurance to Burton Kirk, Mrs. Kirk's husband, and that while the policy was in force Mrs. Kirk was injured in an automobile wreck.

The bill further charged that at the time of the wreck she was riding in an automobile owned by her husband and covered by this policy, which automobile was then being driven by Clovis M. Anderson with the consent and permission of Mrs. Kirk's husband.

The bill further charged that Mrs. Kirk sued Anderson and recovered a judgment against him in the sum of $5,000. The bill further charged that Mrs. Kirk, the complainant, is entitled to recover the amount of this judgment against the insurance company, under the

terms of the insurance policy issued by the company to her husband, Burton Kirk.

Mrs. Kirk attached to her bill as an exhibit a copy of an insurance policy, which was issued to her husband. This policy provides:

"I. Coverage A———— *Bodily Injury Liability.* To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."

The policy, however, specifically provides, under the heading *"Exclusions"*, that:

"(e) Under coverage A, to any obligation for which the insured or any company as his insurer may be held liable under any workman's compensation law; *or to the insured or any member of the family of the insured residing in the same household as the insured."*

The policy defines insured as follows:

"III. Definition of Insured. With respect to the insurance for bodily injury liability, for property damage liability and for medical payments the unqualified word 'insured' *includes the named insured and also* includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission."

The insurance company filed a demurrer to the bill defending on the ground that the policy expressly excepted from the coverage claimed any obligation "to

the insured or any member of the family of the insured residing in the same household as the insured.''

The only question before us is whether the family exclusion contained in the policy attached to Mrs. Kirk's original bill as Exhibit A precludes recovery by her against the insurance company on a policy issued to her husband and containing such an exclusion.

Under the terms of this policy liability to members of the family of the insured is excluded from coverage, and the policy definition of insured provides that insured shall include the named insured and shall also include certain other persons using the automobile, members of the family of the named insured are precluded from recovery, even if the person driving the car at the time of the accident was not the named insured but was an ''additional insured'' under the omnibus clause of the policy. *Pearson v. Johnson*, 215 Minn. 480, 10 N.W.2d 357; *Munsert v. Farmers Mutual Automobile Insurance Co.*, 229 Wis. 581, 281 N.W. 671, 119 A.L.R. 1390.

We have no Tennessee case on the point in question.

In the *Pearson v. Johnson, supra* [215 Minn. 480, 10 N.W.2d 358], a policy was issued by this same company and containing provisions almost identical to those here under consideration. The wife of the named insured Pearson was injured when an automobile belonging to her husband and driven by one Johnson with his consent was involved in an accident. Mr. Pearson's policy contained an exclusion which stated:

" 'This policy does not apply:

\* \* \* \* \*

" 'Under Coverage A, to bodily injury to or death of any employee \* \* \*; or to the insured or any mem-

ber of the family of the insured residing in the same household as the insured.' ''

The definition clause provided that:

'' 'The unqualified word ''insured'' * * * includes not only the named insured but also any person when using the automobile * * *.' ''

The Court, in holding that Mr. Pearson's insurance company was not liable to answer for his wife's injuries, says:·

''[The insurance carrier of the driver, Johnson] premises its argument that it is but secondarily liable upon the contention that Johnson was an 'additional' insured under the terms of Pearson's policy with State Farm Mutual and that the provisions in subsection (e) thereof excluding from coverage 'the insured or any member of the family of the insured' refer to Johnson and that therefore Ruth Pearson's action against Johnson is not excluded, she not being a member of his (Johnson's) family or household. Certainly the language used in the policy cannot be given such a strained and limited meaning. The word 'insured' is defined by the policy itself to include for the purposes named at all times the named insured, Pearson. That the policy gives it broader application so as to include persons driving with the named insured's consent cannot be said to wipe out the exemptions expressly incorporated into the policy to prevent the insured, that is, the named insured, and his family from recovering for their own injuries. The policy is essentially, a liability and not an accident policy. It is a contract between Pearson and the State Farm Mutual Automobile Insurance Company, by the terms of which the latter agrees to protect the former against

liability incurred at the suit of anyone outside his own family or household. Mrs. Pearson is a member of the named insured's household and family and as such is expressly excluded from coverage. The policy provision creating additional assureds cannot change the essential contract between Pearson and his insurance company. Certainly they cannot be read so as to nullify the express exclusions of the policy.''

See also *Indemnity Insurance Co. of North America v. Geist,* 270 Mich. 510, 259 N.W. 143.

By the weight of authority, a policy clause excluding from coverage any liability of an ''employee of the insured'' has been held to preclude recovery against the insurer by an employee of the named insured, even though the vehicle was being operated by an additional insured, when the policy defines ''insured'' to include the named insured.

The Chancellor, in sustaining the demurrer of the insurance company to Mrs. Kirk's original bill, correctly construed the language used by the parties in the contract of insurance as precluding recovery on the policy by the wife of the named insured, and he correctly held that there is no ambiguity in the terms of the policy which could entitle Mrs. Kirk to recover.

We are of the opinion therefore that there was no error in the Chancellor sustaining the demurrer to the bill and his decree is affirmed.