## Great American Insurance Company, Appellant, v. State Farm Mutual Automobile Insurance Company.

Argued March 20, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Donald W. Bebenek,* with him *Meyer, Darragh, Buckler, Bebenek & Eck,* for appellant.

*Thomas F. Weis,* with him *Weis & Weis,* for insurance company, appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 12, 1963:

Appellant, Great American Insurance Company, filed a petition for declaratory judgment. Appellee, The State Farm Mutual Automobile Insurance Company, filed an answer. The parties then submitted the case to the court below upon an agreement of facts stipulated as follows:

"(1) That on September 19, 1959, Robert D. Stauffer, Sr., Mary Ann I. Stauffer, Robert D. Stauffer, Jr., resided at 3109 Crab Hollow Road, Pittsburgh 35, Pennsylvania.

(2) That on September 19, 1959, Paul R. Dick resided with his parents at 120 Curtis Street, Pittsburgh 35, Pennsylvania.

(3) That on or about September 19, 1959, Robert D. Stauffer, Jr., was fifteen years of age and Paul R. Dick was sixteen years of age.

(4) That on September 19, 1959, Robert D. Stauffer, Sr., owned a 1954 Plymouth two door sedan which was insured by the State Farm Mutual Automobile Insurance Company. . . .

(5) On September 19, 1959, Harold B. Dick, the father of Paul R. Dick, was the owner of a 1959 Olds-

mobile automobile which was insured by the Great American Insurance Company. . . .

(6) That on September 19, 1959, the said Paul R. Dick was operating the vehicle owned by Robert Stauffer, Sr., with the permission of Robert Stauffer, Sr., and the said Robert Stauffer, Jr., was riding in said vehicle. The vehicle left the highway and said Robert Stauffer, Jr. was injured.

(7) That at No. 1793 April Term 1961, suit was filed on behalf of Robert Stauffer, Jr. against Paul R. Dick.[1]

(8) That the State Farm Automobile Insurance Company has denied coverage to said Paul R. Dick and has refused to defend him in said suit on the grounds that their policy did not apply in this situation.

(9) That the said Great American Insurance Company, whose policy covers Paul R. Dick under the "drive other car" endorsement, contends the said State Farm policy does apply in this situation and that the State Farm policy is primary and the Great American policy is excess.

(10) As a result, these declaratory proceedings have been filed."

The relevant provisions of the State Farm policy are: "This policy does not apply under: . . . . (g) coverage A, (1) to any obligation for which the insured or his insurer may be held liable under any workmen's compensation, unemployment compensation, or disability benefits law, or under any similar law; or (2) to bodily injury to the insured or any member of the

---

[1] The action referred to is a two count action of trespass, wherein Robert D. Stauffer, Jr., a minor, by his parents and natural guardians, Robert D. Stauffer, Sr., and Mary Ann I. Stauffer, seeks to recover damages which he has suffered; and Robert D. Stauffer, Sr., and Mary Ann I. Stauffer seek, in their own right, to recover damages sustained by them.

family of the insured residing in the same household as the insured: . . ."

"Insured—under coverages A and B, the unqualified word 'insured' includes the named insured, and if the named insured is an individual, his spouse, if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof provided the actual use is by the named insured or such spouse or with the permission of either."

The fundamental question which this action presents for our determination is whether or not the State Farm policy issued to Robert Stauffer, Sr. required the State Farm Company to defend and provide coverage in an action against Paul Dick for damages suffered by Robert Stauffer, Jr., son of the named insured.

The Great American Insurance Company contends that Paul Dick "Is the insured" under the provisions of the State Farm Policy and since Robert Stauffer, Sr. is not a member of Paul Dick's household the State Farm policy extends coverage which requires State Farm to defend in the suit against Paul Dick.

The State Farm Company contends that the word insured in the above quoted provision means "Named insured", thus, the exclusionary provision of the policy applies to any member of the family of Robert Stauffer, Sr. who resides in his household.

The court below decided that the terms of the policy did not require State Farm to defend Paul Dick or pay any claim against him for injuries sustained by Robert Stauffer, Jr.

The general rule is that an insurance policy must be strictly construed against the party who has written the policy. However, the words contained in the policy must be given a reasonable and normal interpretation. There does not seem to be any ambiguity in the State Farm policy in that the policy states under the

paragraph referring to the "insured" that the word "insured" includes the named insured. Thus the named insured Robert Stauffer, Sr. is not covered by his liability policy for injuries sustained by members of his family who are members of his household as they are excluded from coverage by the terms of the policy.

We have found no case in Pennsylvania which exactly conforms to the case at bar. There are, however, decisions in other jurisdictions which rule on the point of law. In the case of *Pearson v. Johnson,* 215 Minn. 480, 10 N.W. 2d 357 (1943), an identical factual situation was presented and the Minnesota court ruled that the exclusionary language in the policy applied. The policy considered in *Pearson* was identical with the policy at bar and the court said on page 358: "The word 'insured' is defined by the policy itself to include for the purposes named at all times the named insured Pearson. That the policy gives it broader application so as to include persons driving with the named insured's consent cannot be said to wipe out the exemptions incorporated into the policy to prevent the insured, that is, the named insured and his family from recovering for their own injuries. The policy is essentially a liability and not an accident policy. It is a contract between Pearson and the State Farm Mutual Automobile Insurance Company, by the terms of which the latter agrees to protect the former against liability incurred at the suit of anyone outside his own family or household. Mrs. Pearson is a member of the named insured's household and family and as such is expressly excluded from coverage. The policy provisions creating additional assureds cannot change the essential contract between Pearson and his insurance company. Certainly they cannot be read so as to nullify the express exclusions of the policy." See also *Kirk v. State Farm,* 200 Tenn. 37, 289 S.W. 2d 558 (1955).

In the case of *Puller v. Puller*, 380 Pa. 219, 110 A. 2d 175 (1955), the policyholder, his wife and daughters were passengers in an automobile that became the subject of an accident with a train. The policyholder, his wife and daughters brought an action against the railroad company. The defendant joined the policyholder as an additional defendant in his wife's case. A verdict was returned against both the railroad company and the policyholder. The railroad paid the verdict and then sought to collect one-half of the judgment from the State Farm Insurance Company. The State Farm refused to pay because of the exclusion clause. This court held that the exclusion clause applied and the Railroad could not recover.

It is clear from a reading of the policy that the language excludes the members of the named insured's family, who are also members of his household, from recovery. The policy is a liability policy, not an accident policy.

State Farm has filed a motion to quash the appeal, which motion was argued at the time of oral arguments on the merits. State Farm contends that no appeal lies because no exceptions were filed by appellant to the findings of the court below, made upon an agreed set of facts. The opinion below states that "the case was submitted . . . in the nature of a case stated". From the record, we are unable to ascertain whether the action below is truly "in the nature of a case stated", or whether it is a "hybrid proceeding which has some of the characteristics of a case stated", as was the case in *Frankel v. Reliance Mut. L. Ins. Co. of Ill.*, 199 Pa. Superior Ct. 295, 184 A. 2d 305 (1962). We have not considered the question since we believe it is desirable that an appellate decision on the merits of the case be made, but we deem it advisable that the profession heed the admonition of *Frankel*, lest appeals be taken which do not properly lie.

Judgment affirmed.

DISSENTING AND CONCURRING OPINION BY MR. CHIEF JUSTICE BELL:

I would hold that this is not a proper case for a declaratory judgment proceeding. The principles governing the question of whether or not a declaratory judgment proceeding should be entertained by a Court were recently clarified and settled in: *Allstate Insurance Company v. Seward*, 407 Pa. 628, 630, 182 A. 2d 715; *State Farm Mut. Automobile Insurance Company v. Semple*, 407 Pa. 572, 180 A. 2d 925; *McWilliams v. McCabe*, 406 Pa. 644, 179 A. 2d 222; *Philadelphia v. Philadelphia Transportation Company*, 404 Pa. 282, 171 A. 2d 768.

Many State and Federal Courts throughout our Country are swamped with litigation. Moreover, everyone knows except possibly some legislators. and some theorists, that litigation is very rapidly and constantly increasing. If declaratory judgment proceedings— contrary to the Uniform Declaratory Judgments Act— are mandatory instead of discretionary with the Court in each case, and lie whenever an insurance company or an insured (or its or his lawyer), is in doubt as to whether an insurance policy covers the facts in that particular matter; or whenever a fiduciary or a testamentary beneficiary or person interested in a will (or one of their respective attorneys), is in doubt as to the meaning of a will; or whenever the Governor or the Attorney General is in doubt as to the validity or constitutionality or construction or application of an important Act of the Legislature; or whenever the Mayor or a Councilman or the City Solicitor is in doubt as to the validity or constitutionality of an important Ordinance of City Council—the Courts will be *super-swamped* with litigation. Advisory opinions— often dealing with potentialities rather than actualities and thereby jeopardizing Justice in the light of after-discovered facts—will become the rule instead of

the very unusual exception. The *net* result will be to greatly increase Court congestion and Court backlog and thus make the speedy and certain rendition of Justice almost impossible.

If, however, a declaratory judgment lies in this case stated, then I agree with the conclusion of the Court.