162 So.2d 462

Frank HOGG

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

6 Div. 752.

Supreme Court of Alabama.

March 19, 1964.

 

Marvin Cherner, Birmingham, and Hammonds & Esco, Bessemer, for appellant.

Rives, Peterson, Pettus & Conway, Birmingham, for appellee.

GOODWYN, Justice.

Declaratory judgment proceeding to determine coverage under an automobile liability insurance policy.

The bill was filed by State Farm Mutual Automobile Insurance Company, appellee, naming as respondents Frank Hogg, appellant, and Thomas J. Hogg, Mary Anne Hogg and Hubert S. Fulton, Jr.

The policy was issued by State Farm to Mary Anne Hogg covering her automobile which was being driven with her permission by Fulton when it collided with another automobile being driven by appellant, Frank Hogg. The coverage question arose when appellant and his father, Thomas J. Hogg, filed suits against Fulton seeking damages resulting from bodily injuries allegedly sustained by appellant in the accident.

Fulton claimed coverage as an omnibus insured under the following provisions of the policy, viz.:

"DEFINITIONS—INSURING AGREEMENTS I AND II

"Named Insured—means the individual so designated in the declarations and also includes his spouse, if a resident of the same household.

"Insured—under coverages A, B, C and M, the unqualified word 'insured' includes (1) the named insured, and also includes (2) his relatives, (3) any other person while using the owned automobile, provided the actual use of such automobile is with the permission of the named insured, and (4) under coverages A and B any person or organization legally responsible for the use thereof by an insured as defined under the three subsections above."

We are concerned here with coverage A, which applies to bodily injury.

State Farm denied coverage because of the following policy exclusion, viz.:

"EXCLUSIONS—INSURING AGREEMENTS I AND II

"This insurance does not apply under:

*    *    *    *    *    *

"(g) coverage A,  *  *  *  (2) to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured;

*    *    *    *    *    *"

The trial court held that State Farm was not obligated to defend Fulton in the suits, nor to pay any judgments which might be rendered therein. This appeal is from that decree.

It was stipulated that appellant, Frank Hogg, is the brother of the named insured, Mary Anne Hogg, and that both of them resided in the same household with their father, Thomas J. Hogg. The only point at issue is whether the term "insured," as used in the exclusion provision, means only the person claiming coverage under the policy, that is, Fulton,

**368**

or means the named insured, Mary Anne Hogg, as well as Fulton, who has coverage under the omnibus clause, supra.

The trial court, in holding that State Farm was not obligated to defend Fulton, relied on Michigan Mutual Liability Co. v. Carroll, 271 Ala. 404, 123 So.2d 920. We agree that that case is dispositive of the question before us. Involved there was an exclusion provision concerning employees of the "insured"; but the reasoning is equally applicable in the instant case. In fact, the court dealt with the specific question before us, as follows:

> "There exists a closely analogous situation to the case at hand under certain automobile liability policies wherein bodily injury to 'any member of the family of the insured residing in the same household as the insured' is excluded from coverage. The cases have held that a person outside the family of the named insured, although qualifying as an additional insured, cannot claim protection under the policy for injury to a member of the family of the named insured. Johnson v. State Farm Mutual Automobile Insurance Company, 8 Cir., 252 F.2d 158; Pearson v. Johnson, 215 Minn. 480, 10 N.W.2d 357; Kirk v. State Farm Mutual Automobile Insurance Company, 200 Tenn. 37, 289 S.W.2d 538."

If, as argued by appellant, the foregoing was unnecessary to the decision in the Carroll case, we nevertheless consider it appropriate in the instant case and entertain the view that it should be approved as here controlling. This conclusion was reached after giving due consideration to the cases from other jurisdictions relied on by appellant, wherein contrary conclusions were reached.

The decree appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.