MILLER AND BUSHONG, INC. and
Graybill and Bushong, Inc.,
Plaintiffs,

v.

The TRAVELERS INSURANCE COM-
PANY, Defendant.

Civ. A. No. 8412.

United States District Court
M. D. Pennsylvania.

June 29, 1964.

Dowling & Dowling, Harrisburg, Pa.,
for plaintiffs.

Hull, Leiby & Metzger, Harrisburg,
Pa., for defendant.

FOLLMER, District Judge.

Miller and Bushong, Inc., and Graybill
and Bushong, Inc., brought an action for
a declaratory judgment (28 U.S.C. §
2201 et seq.) construing the provisions of
a policy of insurance and determining the
respective rights of the parties.

Willis B. Gochenauer instituted an ac-
tion in the Court of Common Pleas of
Lancaster County, Pennsylvania, against
Miller and Bushong, Inc., and Graybill
and Bushong, Inc., for damages for in-
juries which he sustained on the prem-
ises of Graybill and Bushong, Inc., while
unloading a truckload of corn. Goche-
nauer at the time and place involved was
an employee of Frank Wingert.

At the time of the accident defendant,
The Travelers Insurance Company, had
in effect an automobile liability insurance
policy in which Frank Wingert was the
named beneficiary. Plaintiffs claim that
they are additional insureds under the
aforesaid liability policy of defendant
and that defendant, Travelers, had re-
fused to defend plaintiffs, Miller and

Bushong, Inc. and Graybill and Bushong, Inc., in the action in Lancaster County by Willis B. Gochenauer or pay any judgment which might arise therein.

Travelers' policy in which Wingert was the named insured carried, inter alia, the following provisions:

"Exclusions

"This policy does not apply:

\*  \*  \*  \*  \*  \*

"(d) under Coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured;

"(e) under Coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;"

The policy further provides:

"III. Definition of Insured. The unqualified word 'insured' includes the named insured and also includes, under divisions 1 and 2 of the Definition of Hazards, any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and under division 3 of the Definition of Hazards, any executive officer of the named insured. \*  \*  \*"

Defendant contends that the word "insured" as defined in the policy means the named insured (Wingert) and also any person while using the insured vehicle or liable for the use thereof (Gochenauer); that applying that definition to the above "Exclusions", Gochenauer, being an employee of the named insured and having been injured in the course of his employment, the said "Exclusions" apply to exclude coverage for any person claiming protection against a claim for injuries of Gochenauer, or any liability arising thereunder.

Plaintiffs contend that for the exclusions to apply the injured person must be an employee of the person seeking coverage as an insured. They argue that the reason behind the exclusion is to deny coverage in situations where workmen's compensation benefits are applicable; that the purpose of the exclusion is to prevent duplicate coverage since the hazard of employee suits is one which an employer is protected against under his workmen's compensation policy; that an employee injured in the course of his employment may assert a cause of action against an allegedly responsible third person; that there is no reason to deny coverage to this third person because the policy protecting him is in the name of the injured person's employer.

The question here involved may fairly be stated as follows:

"Assuming Miller and Bushong, Inc. and Graybill and Bushong, Inc. otherwise would be insureds under the Defendant's automobile liability insurance policy, do the 'Exclusions' set forth in the Defendant's policy of insurance preclude the coverage sought by Miller and Bushong, Inc. and Graybill and Bushong, Inc.?"

My conclusion is that they do.

■ The Complaint herein alleges that the injured party, Gochenauer, was an employee of defendant's named insured, Frank Wingert, and was injured while unloading corn from a truck which he had driven to Graybill and Bushong, Inc., for his employer. For the purpose of this motion [1] it would follow that the allegations of the Complaint establish that Gochenauer's injuries arose out of

---

1. Defendant's motion under Rule 12(d) to hear before trial defendant's "Fifth Affirmative Defense" to the effect that defendant's policy does not provide coverage.

and in the course of his employment by Wingert and that Wingert would be liable to Gochenauer under the Workmen's Compensation Law of Pennsylvania.

Policy provisions similar to those in the instant case were very recently interpreted by the Supreme Court of Pennsylvania in the case of Great American Insurance Company v. State Farm Mutual Automobile Insurance Company, 412 Pa. 538, 194 A.2d 903 (1963). In that case it appears that at the time and place in question Robert D. Stauffer, Sr., the father of a teen-age son, Robert D. Stauffer, Jr., owned a Plymouth Sedan which was insured by State Farm Mutual Automobile Insurance Company. At the same time Harold B. Dick, the father of a teen-age son, Paul R. Dick, was the owner of an Oldsmobile which was insured by Great American Insurance Company. That at the time and place in question the minor, Paul R. Dick, was operating the car owned by Stauffer, Sr., and with his permission, and the minor, Stauffer, Jr. was a passenger. The car was involved in an accident and Stauffer, Jr., was injured. Suit was instituted by Stauffer, Jr., against Paul R. Dick. State Farm denied coverage to Paul R. Dick and refused to defend him in said suit on the grounds that their policy did not apply in the situation. Great American, whose policy covered Paul R. Dick under the "drive other car" endorsement, contended that the State Farm policy did apply in the situation and that the State Farm policy was primary and the Great American policy was excess.

The Great American case involved a family automobile while the instant case involves a business car.

The relevant provisions of the State Farm policy in the Great American case are:

"'This policy does not apply under: * * * (g) coverage (a), (1) to any obligation for which the insured or his insurer may be held liable under any workmen's compensation, unemployment compensation, or disability benefits law, or under any similar law; or (2) to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured: * * *.'

"'Insured—under coverages A and B, the unqualified word "insured" means the named insured, and if the named insured is an individual, his spouse, if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof provided the actual use is by the named insured or such spouse or with the permission of either.'"

The comparable provisions of the Travelers' policy in the instant case have been set forth in full hereinabove.

In Great American, the Court said, inter alia: (412 Pa. 538, 541–542, 194 A. 2d 903, 904–905)

"The court below decided that the terms of the policy did not require State Farm to defend Paul Dick or pay any claim against him for injuries sustained by Robert Stauffer, Jr.

"The general rule is that an insurance policy must be strictly construed against the party who has written the policy. However, the words contained in the policy must be given a reasonable and normal interpretation. There does not seem to be any ambiguity in the State Farm policy in that the policy states under the paragraph referring to the 'insured' that the word 'insured' includes the named insured. Thus the named insured Robert Stauffer, Sr., is not covered by his liability policy for injuries sustained by members of his family who are members of his household as they are excluded from coverage by the terms of the policy.

*    *    *    *    *    *

"It is clear from a reading of the policy that the language excludes the members of the named insured's family, who are also members of his household, from recovery. The pol-

icy is a liability policy, not an accident policy."

The Court affirmed the lower Court.

As above indicated, the instant case presents almost identically the same set of facts as are found in Great American, with, of course, the family car coverage vis-a-vis the business car coverage.

Plaintiffs argue that to extend the family relationship conclusions of Great American to the business relationship situation in the instant case would be "completely unwarranted." Plaintiffs' argument is patently specious and totally unconvincing.

In Great American, supra, the Court cited with approval Pearson v. Johnson, 215 Minn. 480, 10 N.W.2d 357 (1943), which involved an identical factual situation and in which the Court ruled that the exclusionary language in the policy applied. After noting that the policy in Pearson was identical with the one in Great American, it quoted from Pearson as follows:

" * * * 'The word "insured" is defined by the policy itself to include for the purposes named at all times the named insured, Pearson. That the policy gives its broader application so as to include persons driving with the named insured's consent cannot be said to wipe out the exemptions expressly incorporated into the policy to prevent the insured, that is, the named insured and his family from recovery for their own injuries. The policy is essentially a liability and not an accident policy. It is a contract between Pearson and the State Farm Mutual Automobile Insurance Company, by the terms of which the latter agrees to protect the former against liability incurred at the suit of anyone outside his own family or household. Mrs. Pearson is a member of the named insured's household and family and as such is expressly excluded from coverage. The policy provisions creating additional assureds cannot change the essential contract between Pearson and his insurance company. Certainly they cannot be read so as to nullify the expressed exclusions of the policy.' * * * "

In Patton v. Patton, 413 Pa. 566, 198 A.2d 578 (1964), on being asked to reconsider Great American, the Court said: "we have re-evaluated that ruling and we are convinced that Great American should stand."

In Patton, supra, John D. Patton was the named insured in an automobile liability policy issued by State Farm Mutual Automobile Insurance Company. The car thus covered, then being operated by George Derr, with Patton's permission, was involved in a collision with another car and at the time, Patton's wife, Esther Patton, and Derr's wife, Mary Derr, were passengers in the Patton car and both sustained personal injuries. Esther Patton and Mary Derr instituted separate trespass actions in the Court of Common Pleas of Schuylkill County against the driver of the other car and, in each suit, Patton and Derr were joined as additional defendants. At the trial, the jury returned verdicts in each action against Patton and Derr and judgments were accordingly entered. To enforce their judgments both plaintiffs issued attachment executions against State Farm. To the judgment holders' interrogatories State Farm filed answers to which the judgment holders demurred and moved for judgments on the pleadings. The Court sustained the demurrers and entered judgments on the pleadings against State Farm. On appeals, the judgment in favor of Esther Patton and against Derr was reversed, and the judgment in favor of Mary Derr was affirmed.

Esther Patton was the wife of the named insured. The Court said, inter alia, in commenting on Great American (413 Pa. 566, 571–572, 198 A.2d 578, 581):

" * * * The thrust of Great American is that the exclusionary clause of the policy excludes from policy coverage any claims for damages for bodily injuries of co-resident members of the family of the

named insured. No matter upon whom—the named insured, the spouse of the named insured or an additional insured—may rest a legal obligation to pay damages for bodily injuries to co-resident members of the family of the named insured, such damage claims are not covered by the policy."

Then it added:

"In the case at bar, there is a fact which does not appear in Great American. Esther Patton, the instant claimant, as the spouse of the named insured, is clearly an 'insured' under the 'omnibus clause' of this policy and to permit her to recover under the provisions of this policy against Derr, the additional insured, would extend policy coverage to damage claims of an 'insured' vis-a-vis an 'insured', a result completely at variance with the obvious intent and purpose of the parties to this insurance contract. Not only as a co-resident member of the named insured's family but as an 'insured' under the policy, the claim of Esther Patton against Derr, the additional insured, is not within the policy coverage."

There can, therefore, be no doubt as to the law of Pennsylvania on this subject.

The policy provisions in clear and unmistakable language exclude from coverage the employee of a named insured. In Topkis v. Rosenzweig, 333 Pa. 529, 531, 5 A.2d 100, 101 (1939), the Court said: "it is settled that where the language of the policy is clear and unambiguous it cannot be construed to mean otherwise than what it says. It must be given the plain and ordinary meaning of the terms used: * * *"

Accordingly, I find on the basis of the pleadings here that Gochenauer, an employee of the named insured, Wingert, is within the exclusionary clause of the policy, and the coverage under said policy sought by Miller and Bushong, Inc. and Graybill and Bushong, Inc., is precluded.