ROBERT D. NORTON, PLAINTIFF-RESPONDENT, v. THE CONCORD INSURANCE COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT, AND MARILYN SCHMUCK, *ET AL.*, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued September 25, 1967—Decided October 20, 1967.

Before Judges GAULKIN, LEWIS and KOLOVSKY.

*Mr. Sam Denslman* argued the cause for respondent (*Messrs. Simon, Jaffe, Denstman & Noonan,* attorneys).

*Mr. Vincent D. Enright, Jr.* argued the cause for appellant (*Messrs. Harth & Enright,* attorneys).

No appearance on behalf of Marilyn Schmuck.

The opinion of the court was delivered by
GAULKIN, S. J. A. D. Plaintiff Robert D. Norton (Robert) sued to compel defendant Concord Insurance Company (Concord) to defend him against an action for personal injuries brought by his sister Marilyn Schmuck. The trial

judge granted summary judgment in Robert's favor and Concord appeals. We affirm.

Robert was driving his father's automobile, with his father's permission and with Marilyn as a passenger, when the automobile collided with another, allegedly because of Robert's negligence, and Marilyn was injured. Concord had issued an automobile liability policy to the father as named insured with the usual omnibus clause, but when Marilyn sued Robert, Concord refused to defend him. Concord claimed that the policy did not cover because it excluded "bodily injury to * * * any * * * daughter of the insured while an occupant in the insured automobile * * *." The trial judge rejected that contention, in part upon the proposition that if the exclusion meant what Concord asserted it would be an invalid limitation upon the omnibus clause, under *Selected Risks Insurance Co. v. Zullo*, 48 *N. J.* 362 (1966).

By its policy Concord agrees "with the insured, named in the declarations * * * To pay on behalf of the insured all sums which the insured shall become legally obliged to pay to persons other than an insured as damages payable hereunder in accordance with all terms of this policy * * *." Article IV, the omnibus clause, states:

"Persons Insured: The following persons, providing they are duly licensed to operate an automobile, are insureds as to liability: (1) the named insured and if an individual, the spouse if resident in the same household; (2) any such person while using the automobile in authorized operation and authorized use of same; (3) any such person or organization legally responsible for the authorized use thereof; provided that the actual operation and the actual use of the automobile is by the named insured or such spouse or with the authorized permission of either * * *."

Under Article V, "Insured" is defined as "a person or organization described under 'persons insured,'" whereas "named insured" is defined as "the individual or husband and wife described in the declarations and, when resident in the same household, the spouse."

Pages later, under "VI Exclusions," the policy sets forth 13 paragraphs of exclusions lettered from (a) to (m). Among those exclusions are the following:

"This policy with respect to liability does not apply.

\*      \*      \*      \*      \*      \*      \*      \*

(b) to bodily injury or property damage caused intentionally by or at the direction of the insured;

(c) to liability assumed by the insured under any contract or agreement;

(d) to bodily injury or property damage with respect to which an insured under this policy is also an insured under a nuclear energy liability policy \* \* \*;

\*      \*      \*      \*      \*      \*      \*      \*

(f) to bodily injury to any employee of the insured arising out of and in the course of \* \* \* employment by the insured;

(g) to bodily injury for which any insured or any carrier as an insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law or any similar law;

(h) to a non-owned automobile while used in any business or occupation except a private passenger automobile operated or occupied by the named insured or his private chauffeur or domestic servant;

\*      \*      \*      \*      \*      \*      \*      \*

(j) to bodily injury to (1) the named insured or (2) the spouse or any parent, son or daughter of the insured while an occupant in insured automobile; \* \* \*."

Concord argues that since Article V defines insured as "a person or organization described under 'persons insured,'" and Article IV defines "persons insured" as including the named insured as well as the operator, it is not liable for injury to Marilyn, the daughter of the named insured, because of Article VI (j). We disagree.

In *Maryland Cas. Co. v. N. J. Mfrs. Cas. Ins. Co.,* 48 *N. J. Super.* 314 *(App. Div.* 1958); affirmed 28 *N. J.* 17 (1958), the policy contained substantially the same omnibus clause, and exclusions similar to those contained in this policy. The case dealt specifically with an exclusion almost identical with Article VI(f) and with one which excluded "any obligation for which *the* insured or any company *as his insurer* may be held liable under any workmen's compensation law." (Emphasis ours.) We said:

"We note that 'insured' in those clauses is used in the singular and not the plural; the reference is to *'the* insured'. [at *p.* 322]

\* \* \* \* \* \* \* \*

\* \* \* We hold that the reference to 'the insured' in the quoted exclusionary clauses applies only to the particular insured, whether the named insured or an additional insured under the omnibus clause, whose employee is suing him on account of the injury in question notwithstanding that the injury was compensable through workmen's compensation payments. Where, as here, an employee of the named insured was not suing the named insured, who had nothing to do with the negligent action which gave rise to the employee's claim, but sued an additional insured who was not his employer, the obvious purpose of the exclusionary clauses is not implicated. [at *p.* 323]

As we read the exclusion clauses, the basis for exclusion is the existence of an employer-employee relationship between the insured defendant and the injured claimant, and the insured defendant must be identified as the employer before he can be subject to exclusion.

\* \* \* \* \* \* \* \*

As was said in the *Pullen* case [*Pullen v. Employers' Liability Assurance Corp.*, 230 *La.* 867, 876–878, 89 *So. 2d* 373, 376 (*Sup. Ct.* 1956)], 'even if any other insured or any number of insureds were involved directly or indirectly and whether or not their liability was sought, the test of identification for exclusion must be applied to each specifically and not to all collectively, \* \* \* and the exclusion or non-exclusion of any insured has no reference or relevance to that of any other insured where there is no connection or relationship between them.'

In short, we hold that the exclusionary language of the policy should be restricted in its application to the particular insured seeking the protection of the policy under the facts of each case as it arises. This conclusion accords with what we consider the better view expressed in such cases as *Pullen v. Employers' Liability Assurance Corp.*, above; \* \* \* [citing cases]." (at *pp.* 323–324).

In its affirmance, the Supreme Court also stressed the fact that the exclusions spoke of "the insured." It rejected the very argument made here, saying:

"Defendant would thus construe 'the insured' \* \* \* to mean *'any* insured,' or at least 'the *named* insured' \* \* \*. The Appellate Division, after full consideration of the conflicting authorities elsewhere, interpreted the exclusion to apply only to a claim by an employee of that insured (named or additional) who seeks protection under the policy, and hence to be inapplicable where, as here, the relationship of employer and employee does not exist between the litigants.

We agree with the Appellate Division's treatment of this issue \* \* \*." (28 *N. J.*, at *p.* 19)

We hold that the rationale of *Maryland Cas. Co. v. N. J. Mfrs. Cas. Ins. Co.* applies to the case at bar. Here, as in that case, exclusion (j) speaks of the son or daughter of *"the* insured." Therefore, we hold that since it is Robert who is being sued, and not his father, the insured here is Robert and, since sisters and brothers of the insured are not excluded, Concord must defend him.

Since we affirm for the reasons stated above, we find it unnecessary to pass upon the trial court's conclusion that *Selected Risks Insurance Co. v. Zullo, supra,* forbids the issuance of a policy with an exclusion from the omnibus clause as broad as Concord argues for here.

Affirmed.