No. 21664.

NEWARK INSURANCE COMPANY *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(436 P.2d 353)

Decided January 22, 1968.

WELLER, FRIEDRICH AND HICKISCH, ARTHUR H. DOWNEY, for plaintiff in error.

WORMWOOD, WOLVINGTON, RENNER and DOSH, for defendant in error.

*In Department.*

Opinion by RICHARD E. CONOUR.*

THIS case, in which the parties appear in the same

---

*District judge sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

order as in the trial court, stems from another action between two individuals who claimed coverage under liability insurance policies issued by the respective insurers herein. Plaintiff in error, Newark Insurance Company, will hereinafter be referred to as Newark, and defendant in error, State Farm Mutual Automobile Insurance Company, will be referred to as State Farm. To fully comprehend the issue, it is necessary to recite the facts of the action between the insured individuals to whom the parties are related by virtue of their respective insurance policies.

This controversy was submitted to the trial court on a stipulation of facts, and comes here on an agreed record on error under R.C.P. Colo. 112(e), arising out of the following facts: One Retallack was issued a liability policy on his automobile by State Farm, for which he paid a premium. This policy was in effect on the critical date, and contained an "omnibus clause" covering any other person using the described automobile with Retallack's permission. At the same time one Crumrine was the holder of an automobile liability policy on his automobile issued by Newark, for which he had paid a premium. This policy was also in effect on the critical date, and contained a provision providing for non-owners vehicle coverage, commonly called "drive other car" coverage. Newark's policy provided that this coverage would be excess coverage if the policy on the automobile driven by Crumrine covered him, but if not, then Newark would provide primary coverage.

Under this contractual situation, on January 6, 1961, Retallack was injured in an automobile accident while riding as a passenger in his own automobile being driven by Crumrine, with Retallack's permission. Each insurance company, in response to a demand for protection by Crumrine, asserted that the other was liable.

In due course Retallack sued Crumrine for his damages suffered as a result of the accident. Claiming the status of an additional insured under the State Farm

policy issued to Retallack, Crumrine demanded that State Farm undertake his defense in that action and indemnify him for the amount of any judgment that Retallack might obtain against him. State Farm denied liability on the ground that an exclusion in its policy relieved it from liability where the claim arose from "bodily injury to the insured." Following this rebuff by State Farm, Newark assumed Crumrine's defense as required by the terms of its policy, following which a compromise settlement was ultimately negotiated with Retallack, all with full knowledge of State Farm and in which it declined to participate.

Following settlement of the Retallack action against Crumrine, and after refusal of State Farm to reimburse Newark for its expenditures, Newark brought this action against State Farm. The facts being stipulated, both parties moved for summary judgment on a question of law, *viz*, whether Retallack's contract of insurance with State Farm provided coverage to Crumrine as an additional insured under the rather unusual facts of the case. The trial court granted State Farm's motion and dismissed the action.

The provisions of the State Farm policy issued to Retallack, insofar as relevant to this controversy, are as follows:

"In consideration of the premium paid and in reliance upon the declarations made a part hereof, agrees with the insured named herein, subject to the provisions of the policy:

"INSURING AGREEMENT I — THE AUTOMOBILE "COVERAGES A and B — (A) Bodily Injury Liability and (B) Property Damage Liability.

"(1) To pay all damages which the insured shall become legally obligated to pay because of (A) bodily injury sustained by *other persons*, and (B) injury to or destruction of property of *others*, caused by accident arising out of the ownership, maintenance or use, in-

cluding loading or unloading of the automobile. [Emphasis added.]

\* \* \*

"DEFINITIONS—INSURING AGREEMENTS I AND II

"Named Insured — means the individual so designated in the declarations and also includes his spouse, if a resident of the same household.

"Insured — under coverages A, B, C and M, the unqualified word 'insured' includes (1) the named insured, and also includes (2) his relatives, (3) any other person while using the automobile, provided the actual use of the automobile is with the permission of the named insured, and (4) under coverages A and B any person or organization legally responsible for the use thereof by an insured as defined under the three subsections above.

\* \* \*

"EXCLUSIONS — INSURING AGREEMENTS I AND II

*"This insurance does not apply under:*

\* \* \*

"(g) coverage A, (1) \* \* \*; or (2) to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured."

The State Farm policy with which we are here concerned was issued to William M. Retallack and Eileen M. Retallack, hence Retallack is a named assured and also the "insured" as defined by the definitions of the policy. As an operator of the automobile with the permission of the named insured, and subject to any exclusions which are in issue, Crumrine would have been an additional insured under the omnibus clause of the policy. This controversy presents a question of first impression in this jurisdiction. However, we are assisted by several decisions of other jurisdictions on the question, which involve several similar or identical versions of the relevant provisions and exclusions of the State Farm policy contract here under consideration and which are decisive of the issue.

■■ The main question is whether the named as-

sured in a motor vehicle liability insurance policy may have recourse to the policy for satisfaction of a judgment recovered by such named assured for personal injuries sustained while riding in his insured automobile through the negligence of one operating the vehicle with the permission of the assured. The question must be resolved in the negative. Newark contends that the State Farm policy is ambiguous in that it uses the term *the* insured, instead of *any* insured, and that therefore the Court should, in effect, divide the policy into two separate policies, namely, one insuring Crumrine as an additional insured, ignore the fact that Retallack is the named assured and is excluded from resort to the benefits of the policy by its express terms, and construe the policy solely for Crumrine's benefit. This construction cannot be adopted, since it would have the effect of writing a new contract for the parties, which would convert a liability policy into a contract for accident insurance for Retallack's benefit, in disregard of several express and unambiguous provisions of the policy to the contrary.

Insuring Agreement I provides that State Farm will pay all damages which the *insured* shall become legally liable to pay because of bodily injury sustained by *other persons*. Under the definitions section of the policy the unqualified word "insured" included both Retallack, and Crumrine as an additional insured, but, under Insuring Agreement I, neither qualified as "other persons." The exclusions of the policy, under Coverage A, clearly and plainly exclude the "insured," which in this case meant both Retallack and Crumrine. There is nothing ambiguous about these provisions, and they all add up to one irrefutable proposition — that the named assured cannot resort to the policy to recover for his own personal injuries.

In other jurisdictions which have considered this question, the rule has become rather generally settled that liability policies containing clauses which expressly ex-

clude coverage for injuries sustained by the named insured relieve the insurer of liability to such named assured. *Capece v. Allstate Insurance Company v. State Farm Mutual Insurance Company*, 88 N.J. Super. 535, 212 A.2d 863: *Perkins v. Perkins*, 284 S.W.2d 603; *Frye v. Thiege*, 253 Wis. 596, 34 N.W.2d 793, 50 A.L.R.2d 124. The foregoing decisions all relate to situations identical to this case wherein the named assured was injured while riding as a passenger in his own vehicle being driven by another with his permission. Under the Massachusetts compulsory insurance law, the same rule has been applied in *MacBey v. Hartford Accident & Indemnity Company*, 292 Mass. 105, 197 N.E. 516, 106 A.L.R. 1248. To like effect is *Cain v. American Policyholders Insurance Co.*, 120 Conn. 645, 183 A. 403. The insurer has also been held free from liability under exclusion (g)(2) and similar exclusions of "any member of the family of the insured residing in the same household as the insured" in several decisions of other jurisdictions. See: *Johnson v. State Farm Mutual Automobile Insurance Company*, 252 F.2d 158; *State Farm Mutual Automobile Insurance Company v. Cocuzza*, 91 N.J. Super. 60, 219 A.2d 190; *Hogg v. State Farm Mutual Automobile Insurance Company*, 276 Ala. 366, 162 So.2d 462; *Great American Insurance Company v. State Farm Mutual Automobile Insurance Company*, 412 Pa. 538, 194 A.2d 903; *Kirk v. State Farm Mutual Automobile Insurance Company*, 200 Tenn. 37, 289 S.W.2d 538; *Travelers Indemnity Co. v. State Farm Mutual Automobile Insurance Company v. Stagner*, 182 F. Supp. 881; *Pearson v. Johnson*, 215 Minn. 480, 10 N.W.2d 357; *Puller v. Puller*, 380 Pa. 219, 110 A.2d 175; and *Third National Bank v. State Farm Mutual Automobile Insurance Company*, 334 S.W.2d 261.

It is true that there is a line of authority to the contrary, involving insurance policies not having exclusions such as we have before us, but no useful purpose would be served in discussing them.

There are a number of decisions cited by Newark interpreting the employee exclusion, which have reached a different result, and have subjected the insurer to liability to employees of the named assured. However, these cases are not in point here, and only one, *Travelers Ins. Co. v. Auto-Owners (Mutual) Ins. Co.*, 1 Ohio App. 2d 65, 203 N.E.2d 846, need be noticed, where the distinction between the case of injuries to the named assured and injuries to an employee of the named assured, by an omnibus insured, was recognized, the Court saying: "If the named assured were a natural person who was injured by an omnibus assured, there would be no coverage under exclusion (b)." To adopt the construction urged by Newark would result in a strained and limited meaning to the plain and unambiguous exclusions of the State Farm policy, and would amount to rewriting the contract by changing the insurer's liabilities thereunder. This we decline to do under the circumstances of this controversy, since in the particulars in issue the policy is not ambiguous.

Since Retallack is excluded from coverage under the policy, Newark's rights are necessarily measured by such rights as Retallack had against State Farm, and it likewise is not entitled to recover. The judgment of the trial court was correct.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McWILLIAMS and MR. JUSTICE HODGES concur.