**John TENOPIR, Appellant,**

v.

**STATE FARM MUTUAL CO.,**
**Appellee.**

**No. 21769.**

United States Court of Appeals
Ninth Circuit.

Nov. 19, 1968.

Stevens, Savage, Holland & Erwin, Anchorage, Alaska, for appellant.

Burr, Boney & Pease, Anchorage, Alaska, for appellee.

Before KOELSCH and DUNIWAY, Circuit Judges, and FOLEY, District Judge.*

DUNIWAY, Circuit Judge:

Tenopir appeals from a judgment of dismissal entered following the granting of a motion to dismiss for failure to state a claim. Jurisdiction is based upon diversity of citizenship and the law of Alaska is applicable.

We state the substance of the allegations of the complaint, which must be taken as true on this appeal. Tenopir, while riding in the back seat of his own car, was seriously injured in an accident while the car was being driven by one Golliheair. Tenopir sued Golliheair, claiming that the latter's negligence caused the accident. Tenopir had a policy of automobile insurance, issued by appellee State Farm Mutual Automobile Insurance Company. Defense of the action was tendered to State Farm, which declined to defend. Tenopir recovered judgment against Golliheair, by stipulation, and Golliheair then assigned his rights against State Farm to Tenopir. The sole question is whether Tenopir's claim against Golliheair is covered by State Farm's policy. The district court held that it is not. We affirm.

The material portions of the policy, which is an exhibit to the complaint, are as follows:

P. 1:

"Named insured.
Tenopir, John P."

P. 2:

"INSURING AGREEMENT I—THE OWNED AUTOMOBILE

"COVERAGES A AND B—(A) Bodily Injury Liability

(1) to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (A) bodily injury sustained by other persons . . . caused by accident arising out of the ownership, maintenance or use . . . of the owned automobile; and to defend any suit against the insured alleging such bodily injury . . . and seeking damages which are payable hereunder . . . .."

P. 3:

"DEFINITIONS — INSURING AGREEMENTS I and II

"Insured—under coverages A, B, C and M the unqualified word 'insured' includes

(1) the named insured, and

(2) if the named insured is a person or persons, also includes his or their spouse(s), if a resident of the same household, and

---

* Honorable ROGER D. FOLEY, United States District Judge, District of Nevada, sitting by designation.

(3) if residents of the same household, the relatives of the first person named in the declarations, or of his spouse, and

(4) any other person while using the owned automobile, provided the operation and the actual use of such automobile are with the permission of the named insured or such spouse and are within the scope of such permission, and

(5) under coverages A and B any person or organization legally responsible for the use of such owned automobile by an insured as defined under the four subsections above.

P. 4:

"*This insurance does not apply under*

. . .

(i) coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured; . . .

P. 9:

"POLICY CONDITIONS—APPLICABLE TO ALL COVERAGES UNLESS OTHERWISE NOTED . . .

2. Action against Company. No action shall lie against the company: . . .

(b) Under coverages A . . . until the amount of the insured's obligation to pay shall have been fully determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

Any person or organization, or the legal representative thereof, having secured such judgment or agreement, shall be entitled to recover under this policy to the extent of the insurance afforded. . . . "

Golliheair is an "insured" as defined on page 3 of the policy; he was using Tenopir's car with the latter's permission. The question is whether his liability to Tenopir is covered by the policy, i. e., is the risk covered? Stated in the language of the policy—was Tenopir's suit against Golliheair one "seeking damages which are payable hereunder" (p. 2) or was it for "bodily injury to the insured" (p. 4) and thus excluded, that is, was it *not* a suit "seeking damages . . . payable hereunder"?

The policy, so far as is material here, is a liability policy, not a personal accident policy. It protects "the insured" against legal liability for bodily injury to "other persons" (p. 2). It defines the word "insured" to include both Tenopir and Golliheair, Tenopir because he is "the named insured," Golliheair because he was at the time an "other person . . . using the owned automobile . . . with the permission of the named insured . . ." (p. 3). Thus Tenopir, who is the named insured (p. 1), is always one of "the insured" (p. 2) because he is so defined (p. 3). Golliheair, on the other hand, can only be said to be one of "the insured" (p. 2) while he temporarily occupies the status defined in clause (4) of the definitions (p. 3). On its face, his temporary addition as one of "the insured" does not make Tenopir any less "the insured" than he would otherwise be. It would seem to follow that, when the policy says that it does not apply "to bodily injury to the insured . . . ." (p. 4), the words "the insured" include Tenopir just as much as they do in the coverage clause (p. 2), where the phrase is identical. If this be the correct construction of the policy, then the risk here involved—bodily injury to Tenopir, the named insured, is expressly excluded.

■ Tenopir, however, relies upon the established rule that ambiguity in an insurance policy is to be resolved in favor of the insured, Lumbermen's Mut. Cas. Co. v. Continental Cas. Co., Alaska, 1963, 387 P.2d 104, 108–109. However, this rule does not require that the court

search for an ambiguity when the meaning of the policy is clear. Ness v. National Ind. Co., D.Alaska, 1965, 247 F.Supp. 944, 947, citing Yoshida v. Liberty Mut. Ins. Co., 9 Cir., 1957, 240 F.2d 824.

Tenopir's argument rests almost entirely upon the language of the exclusion clause (p. 4) and particularly the word "the" in the phrase "bodily injury to *the* insured or any member of the family of *the* insured." (Emphasis added.) He says that the clause defining "insured" (p. 3) refers expressly to "the *unqualified* word insured" (emphasis added), and that in the exclusion clause (p. 4), the word "insured" is qualified by "the", which has a singular meaning. Here, he would construe it as applying only to Golliheair, who is the person claimed to be liable for the accident. The meaning of "the" is not so precise. One can say "going to *the* dogs" or "that is for *the* birds," etc. And the policy itself uses the phrase "the insured" in the coverage clause (p. 2), upon which Tenopir must rely to have Golliheair be an insured, just as it does in the exclusion clause (p. 4), on which the company relies. If "the insured" means, in the coverage clause, more than one insured, why does it not mean more than one insured in the exclusion clause? One can imagine a case in which the joint negligence of Tenopir, the named insured, in failing to repair the brakes of the car, that of his passenger spouse in failing to warn the driver of an obvious danger, that of one of his relatives, who rendered the car unsafe by damaging the brakes, and that of Golliheair, in driving, were alleged to concur in negligently injuring another person. This would bring into play a duty of the insurance company to defend each and all of them. If "the" in the coverage clause has a singular meaning, which of them is to be defended and which not? If all are to be defended—and if all were hurt, are Tenopir's injuries not excluded because "the" in the exclusion clause has a singular meaning? If Tenopir were to cross complain against Golliheair, claiming that the latter's negligence was the sole proximate cause of the accident, would Tenopir then *not* be an insured for the purposes of the cross complaint? We need not, however, try to answer this conundrum.

Here we deal with injuries to the "named insured." And if one thing seems clear to us it is that, whatever else the term "the insured" may include in the exclusion clause, it does include the named insured. He is the one person among the five categories listed in the definition clause who is always an insured. The exclusion clause refers only to "the insured or any member of the family of the insured" (p. 4). Does this not conform to the first three items in the definition of "insured" (p. 3) albeit somewhat more briefly? Each of the members of the family of the insured is an insured only if and while he or she meets certain additional requirements, i. e., residence in the same household. In this context to whom else can "the insured" refer?

■■ Our view is strengthened by the fact that what Tenopir bought, under coverage A, was an automobile liability policy, not a personal accident insurance policy. The words of the policy are to be construed in the light of the purpose of the policy—to protect Tenopir from liability, whether direct or vicarious. That it may also afford similar protection to four other categories of persons whose relationship to Tenopir and his car makes it likely that he would also want them (and himself, because it is his car) protected against their liability, does not change the basic nature of the policy. Yet, by asking us to find ambiguity in the word "the" in the exclusion clause, Tenopir is really asking us to transform the policy into a personal accident insurance policy of a limited type for his benefit. This we are not inclined to do.

The following cases, in each of which the named insured was injured, support our conclusion: Newark Ins. Co. v. State Farm Mut. Auto. Ins. Co., 1968, Colo., 436 P.2d 353; Shaw for Use of Michigan Mutual Liability Ins. Co. v. State Farm

Mut. Auto. Ins. Co., 1962, 107 Ga.App. 8, 129 S.E.2d 85; Pearson v. Johnson, 1943, 215 Minn. 480, 10 N.W.2d 357; Perkins v. Perkins, Mo.App.1955, 284 S.W.2d 603. See 50 A.L.R.2d 131 (1956). Tenopir relies on Farmers Ins. Exch. v. Frederick, 1966, 244 Cal.App.2d 776, 53 Cal.Rptr. 457, but there the language of the policy was different and the decision rested in part on a California statute. Cases reaching the same result where a relative of the named insured, living in the same household, was injured are: State Farm Mut. Auto. Ins. Co. v. Xaphes, 2 Cir., 1967, 384 F.2d 640 (construing Vermont law); Johnson v. State Farm Mut. Auto. Ins. Co., 8 Cir., 1958, 252 F.2d 158, 163 (construing Missouri law); State Farm Mut. Auto. Ins. Co. v. Cooper, 4 Cir., 1956, 233 F.2d 500 (construing South Carolina law); Hogg v. State Farm Mut. Auto. Ins. Co., 1964, 276 Ala. 366, 162 So.2d 462; Miller v. Madison County Mut. Auto. Ins. Co., 1964, 46 Ill.App.2d 413, 197 N.E.2d 153; Tomlyanovich v. Tomlyanovich, 239 Minn. 250, 58 N.W.2d 855, 50 A.L.R.2d 108 (1953); Pearson v. Johnson, supra; Sibothian v. Neubert, Mo.App.1943, 168 S.W.2d 981; State Farm Mut. Auto. Ins. Co. v. Cocuzza, 1966, 91 N.J.Super. 60, 219 A.2d 190; Kirk v. State Farm Mut. Auto. Ins. Co., 1956, 200 Tenn. 37, 289 S.W.2d 538. Contra, Norton v. Concord Ins. Co., 1967, 97 N.J.Super. 98, 234 A.2d 493. See 50 A.L.R.2d 120 (1956). We do not cite cases dealing with other exclusion clauses in this or similar policies, as the effect of such clauses is not before us.

There are no Alaska cases in point. The trial judge, himself an experienced Alaska lawyer, was evidently of the opinion that the Supreme Court of Alaska would take the same view that we take. His views are entitled to great weight here. Minnesota Mut. Life Ins. Co. v. Lawson, 9 Cir., 1967, 377 F.2d 525; State Farm Mut. Auto. Ins. Co. v. Thompson, 9 Cir., 1967, 372 F.2d 256, 259; Edwards v. American Home Assur. Co., 9 Cir., 1966, 361 F.2d 622, 626–627; Citrigno v. Williams, 9 Cir., 1958, 255 F.2d 675,

679; Santa Margarita Mut. Water Co. v. United States, 9 Cir., 1956, 235 F.2d 647, 654.

Affirmed.